[No. S052051. Dec. 9, 1996.]

GERALD THOMAS COWAN, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

David A. Torres for Petitioner.

John T. Philipsborn as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent

Edward R. Jagels, District Attorney, Stephen M. Tauzer, Assistant District Attorney, Thomas D. Sparks, Chief Deputy District Attorney, James F. Sweeney and Stephen J. Greene, Jr., Deputy District Attorneys, for Real Party in Interest.

Kent S. Scheidegger and Traci L. Huahn as Amici Curiae on behalf of Real Party in Interest.

## OPINION

CHIN, J.—Petitioner, facing capital murder charges, agreed to plead guilty to the lesser offense of voluntary manslaughter. Prosecution of that offense, however, is time-barred. Petitioner wants to waive the statute of limitations for voluntary manslaughter to avoid prosecution on the greater charges. We must decide whether he may effectively do so. We conclude that he may expressly waive the statute of limitations when, as here, the waiver is for his benefit.

### FACTS

A complaint filed in 1994 charged petitioner with committing three murders in 1984 under special circumstances. After the preliminary hearing, petitioner and the district attorney engaged in plea negotiations. They agreed that petitioner would plead no contest to one count of voluntary manslaughter with a knife use enhancement and receive a maximum prison sentence of four years. In return, the remaining charges would be dismissed. Petitioner pleaded no contest as agreed. Before sentencing, however, the district attorney moved to set aside the plea "on the grounds that the plea is illegal because the statute of limitations has run on voluntary manslaughter. The statute of limitations is jurisdictional and cannot be waived."

It appears that neither the court nor the parties realized until after petitioner had pleaded no contest that the statute of limitations for voluntary manslaughter had expired. The district attorney was obviously concerned that petitioner might be able to challenge the no contest plea after the other charges had been dismissed. At the hearing on the motion to set aside the plea, petitioner personally stated he was willing to waive the statute of limitations. Nevertheless, the court, finding that "it is a jurisdictional defect and the parties can never stipulate to jurisdiction," granted the motion to set aside the plea and "reinstate[d] the original charges."

Petitioner filed a petition for writ of mandate asking the Court of Appeal to compel the superior court to accept the guilty plea on condition that he waive the statute of limitations. The Court of Appeal denied the petition, citing *People* v. *Chadd* (1981) 28 Cal.3d 739, 756-757 [170 Cal.Rptr. 798, 621 P.2d 837]. We granted review and issued an alternative writ of mandate.

### DISCUSSION

The complaint in this case was filed 10 years after petitioner allegedly committed the crimes. There is no time limit for prosecuting

murder (Pen. Code, § 799), but prosecution of voluntary manslaughter must commence within six years after the commission of the offense (Pen. Code, § 800; see also Pen. Code § 805, subd. (b) [the time limits apply to lesser included offenses]). The six-year period had long expired by the time the complaint was filed. We must decide whether petitioner can waive the statute of limitations and plead guilty to voluntary manslaughter to avoid prosecution for the more serious murder charges.

Ordinarily, criminal defendants may waive rights that exist for their own benefit. "Permitting waiver . . . is consistent with the solicitude shown by modern jurisprudence to the defendant's prerogative to waive the most crucial of rights." (*People* v. *Robertson* (1989) 48 Cal.3d 18, 61 [255 Cal.Rptr. 631, 767 P.2d 1109] [listing some basic rights that may be waived].) ■ "An accused may waive any rights in which the public does not have an interest and if waiver of the right is not against public policy." (*People* v. *Trejo* (1990) 217 Cal.App.3d 1026, 1032 [266 Cal.Rptr. 266].) Petitioner argues he should also be allowed to waive the statute of limitations.

Before directly confronting the question, we must carefully consider what we mean by the word "waiver." Over the years, cases have used the word loosely to describe two related, but distinct, concepts: (1) losing a right by failing to assert it, more precisely called forfeiture; and (2) intentionally relinquishing a known right. "[T]he terms 'waiver' and 'forfeiture' have long been used interchangeably. ■ The United States Supreme Court recently observed, however: 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' (*United States* v. *Olano* [(1993) 507 U.S. 725, 733 (123 L.Ed.2d 508, 519, 113 S.Ct. 1770)].)" (*People* v. *Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 [20 Cal.Rptr.2d 638, 853 P.2d 1093].)

Commencing in 1934, this court and the Courts of Appeal have repeatedly held that a defendant may assert the statute of limitations at any time. (E.g., *People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378]; *In re Demillo* (1975) 14 Cal.3d 598, 601 [121 Cal.Rptr. 725, 535 P.2d 1181]; *People* v. *Chadd, supra,* 28 Cal.3d at p. 757; *People* v. *Rose* (1972) 28 Cal.App.3d 415, 417 [104 Cal.Rptr. 702].) In *McGee,* we described the issue as "[w]hether the statute of limitations in criminal cases is jurisdictional, or a matter of defense to be affirmatively pleaded by the defendant," and concluded it is jurisdictional. (*People* v. *McGee, supra,* 1 Cal.2d at p. 613.) A typical discussion is found in *Chadd,* the decision the Court of Appeal cited in denying relief in this case: "In a recent discussion of the matter we reiterated that in criminal cases 'in California the statute of limitations constitutes a

substantive rather than a procedural right which is not waived by failure to assert it at the pleading stage. . . . [I]t is now well settled that a conviction, even if based on a plea of guilty, is subject to collateral [or direct] attack if the charge was originally barred by the applicable limitation period,' citing *Demillo* and *McGee. (People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75].) The rule is a reflection of the fundamental principle of our law that 'the power of the courts to proceed'—i.e., their jurisdiction over the subject matter—cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver, or estoppel [citations], and hence that the lack of such jurisdiction may be raised for the first time on appeal." *(People* v. *Chadd, supra,* 28 Cal.3d at p. 757.)

The cases have generally involved "waiver" in the sense of forfeiture, not the intentional relinquishment of a known right, and have not considered whether defendants could *expressly* waive the statute of limitations for their own benefit. Statutes of limitation do not inherently prohibit express waiver. Indeed, we recognized in *Zamora* that in some states the statute of limitations can be "waived" (i.e., forfeited) if not timely asserted. *(People* v. *Zamora* (1976) 18 Cal.3d 538, 547, fn. 6 [134 Cal.Rptr. 784, 557 P.2d 75].) In a case arising out of a state that allows waiver, the United States Supreme Court has held that a defendant in a capital case may be required to waive the statute of limitations as a condition to having the trial court instruct the jury on a lesser included offense. *(Spaziano* v. *Florida* (1984) 468 U.S. 447, 454-457 [82 L.Ed.2d 340, 348-351, 104 S.Ct. 3154].) The language of the limitations statutes does not compel the conclusion that the time limits may not be waived. (Pen. Code, § 800 et seq.)

The issue presented here also arose in *Padie* v. *State* (Alaska 1979) 594 P.2d 50. There, the defendant, charged with first degree murder, pleaded nolo contendere pursuant to a plea agreement to manslaughter, an offense that was time-barred. He expressly waived the statute of limitations. On appeal, he argued the trial court had no jurisdiction to accept his plea. The Alaska Supreme Court disagreed and adopted the rule that "a statute of limitations can be waived if the trial court determines that the following prerequisites have been met: [¶] '(1) the waiver is knowing, intelligent, and voluntary; (2) it is made for the defendant's benefit and after consultation with counsel; and (3) the defendant's waiver does not handicap his defense or contravene any other public policy reasons motivating the enactment of the statutes.' " *(Id.* at p. 57, fn. omitted [adopting the test suggested in Note, *The Statute of Limitations in a Criminal Case: Can It Be Waived?* (1977) 18 Wm. & Mary L.Rev. 823, 840].)

We think that this rule is fair and a defendant should be able to waive the statute of limitations at least when those prerequisites have been met. Just as

a defendant may "waive the most crucial of rights" (*People* v. *Robertson*, *supra*, 48 Cal.3d at p. 61), so too should a defendant be allowed to waive the statute of limitations. The requirements for a valid waiver stated in *Padie* should cause no difficulty. (*Padie* v. *State*, *supra*, 594 P.2d at p. 57.) The court need merely inform the defendant in some fashion that the charge is, or may be, time-barred, and elicit a simple waiver of the bar. Absent a contrary indication, the trial court and, on appeal, the reviewing court may presume that a represented defendant has consulted with counsel. A defendant who has waived counsel and elected self-representation obviously need not consult counsel. Moreover, a defendant's waiver of the statute of limitations to a lesser offense as part of a plea agreement or to obtain instructions on that offense would be for the defendant's benefit and would not handicap the defense.

Although our decisions involve forfeiture, and are thus easy to distinguish, we must reconsider some of the broad language of those decisions. In *People* v. *McGee*, *supra*, 1 Cal.2d at page 613, we phrased the issue as whether the statute of limitations is "jurisdictional." Later cases have echoed this phrasing. We have even stated that the statute of limitations involves " 'the power of the courts to proceed.' " (*People* v. *Chadd*, *supra*, 28 Cal.3d at p. 757.) If, indeed, a court lacks fundamental subject matter jurisdiction over a time-barred offense, then the parties cannot waive the statute of limitations, for it is settled that the act of a litigant cannot confer subject matter jurisdiction on the court. (*Harrington* v. *Superior Court* (1924) 194 Cal. 185, 188 [228 P. 15]; *Old Republic Ins. Co.* v. *St. Paul Fire & Marine Ins. Co.* (1996) 45 Cal.App.4th 631, 639 [53 Cal.Rptr.2d 50]; see *People* v. *Chadd*, *supra*, 28 Cal.3d at p. 757, and cases cited.) But none of our cases involved a lesser offense to a charged offense such as murder that was not time-barred and over which the court unquestionably *did* have jurisdiction, i.e., the power to proceed. We did not confront facts in which it might be to a defendant's *advantage* to waive the statute of limitations. We had no reason to anticipate a case like this where a rule stated for the defendant's benefit might actually harm the defendant. Our analysis requires a slight adjustment to accommodate the very different factual situation presented here. In this case, because the court had the power to proceed over the *murder* charge, it should also have the power to proceed over a lesser included (or even related) offense. "Whether a defendant may waive the statute of limitations for purposes of jury instruction and possible conviction of a lesser-included offense is an issue separate from that of the legality of prosecution of an offense barred by the statute." (*Tucker* v. *State* (Fla.Dist.Ct.App. 1982) 417 So.2d 1006, 1013.)

The situation was similar in *Padie*, where an earlier decision of the Alaska Supreme Court had "contain[ed] language to the effect that the statute of

limitations for manslaughter is jurisdictional." (*Padie* v. *State, supra,* 594 P.2d at p. 55.) *Padie* noted that "Most courts have treated the waivability issue as dependent on whether the statute is treated as jurisdictional or as an affirmative defense," and that "where the statute is held to be jurisdictional, it has been ruled that jurisdiction cannot be conferred upon the court by consent of the parties." (*Id.* at pp. 55, 56, fns. omitted.) It concluded, however, that "This mechanical extension of the jurisdictional approach to the waiver issue graphically illustrates its inflexibility in resolving statute of limitations problems. The defendant, in a criminal case such as the present case, may have compelling reasons in his own best interest for deciding to waive the statute of limitations. In our view, employment of a jurisdictional approach deprives the trial court of essential discretionary authority to determine whether or not the defendant should be able to waive the statute of limitations in the unique circumstances of the particular case." (*Id.* at pp. 56-57, fns. omitted.)

We agree with the foregoing analysis. The court may act in *excess* of jurisdiction in accepting a guilty plea to a time-barred lesser offense, but, contrary to our earlier broad statements, it does not lack fundamental subject matter jurisdiction. In *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625], we considered a court's jurisdiction to revoke probation after the probationary period had expired. "The jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction. [Citations.] Neither the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter." (*Id.* at p. 347; see also *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 904 [98 Cal.Rptr. 57, 489 P.2d 1385]; *People* v. *Jones* (1989) 210 Cal.App.3d 124, 135 [258 Cal.Rptr. 294].) For these reasons, we overrule the language of *People* v. *McGee, supra,* 1 Cal.2d 611, and its progeny, to the extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action. As the defendant here seeks expressly to waive the statute of limitations, we have no need to decide whether we should overrule these cases entirely and hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial.

 We perceive no "public policy" reasons that would prevent a defendant from waiving the statute of limitations in this situation. (See *People* v. *Trejo, supra,* 217 Cal.App.3d at p. 1032; *Padie* v. *State, supra,* 594 P.2d at p. 57.) Obviously, the statute exists partly for the defendant's benefit. In *Zamora,* we identified other policy considerations underlying such statutes: "The possibility of self-reformation by the criminal offender may

lessen the need for society to impose corrective sanctions and society's impulse for retribution may correspondingly diminish as time passes. Statutes of limitations also encourage the swift and effective enforcement of the law, hopefully producing a stronger deterrent effect. They tend to limit the chance that the first offense will spawn blackmail of the offender by others threatening disclosure—crime breeding more crime. Finally, adoption of a period of limitation represents a legislative recognition that for all but the most serious of offenses (such as murder or kidnaping) a never-ending threat of prosecution is more detrimental to the functioning of a civilized society than it is beneficial." (*People* v. *Zamora, supra*, 18 Cal.3d at p. 547.)

The court in *Padie* considered these same policy considerations and found nothing to prevent a defendant from waiving the statute of limitations to a lesser included offense. (*Padie* v. *State, supra*, 594 P.2d at p. 56.) We agree. Petitioner currently is being prosecuted for murder, which is not time-barred; permitting a plea to a lesser offense with the prosecution's agreement will limit, not encourage, litigation. Because prosecution of the greater offense is not time-barred, allowing waiver of the lesser offense would also not encourage blackmail and would reduce, not perpetuate, the threat of more prosecution.

Two recent Court of Appeal cases implicate express waiver. In *People* v. *Brice* (1988) 206 Cal.App.3d 111, 114-115 [253 Cal.Rptr. 370], the defendants were charged with murder. At defense request, the court instructed the jury on the time-barred lesser related offense of being an accessory. The jury acquitted both defendants of murder but convicted them of the accessory charge. The Court of Appeal reversed, holding that the defendants had not validly waived the statute of limitations. In addition to the *McGee* line of cases (*People* v. *McGee, supra*, 1 Cal.2d 611), the court cited *People* v. *Diedrich* (1982) 31 Cal.3d 263 [182 Cal.Rptr. 354, 643 P.2d 971]. The opinion in *Brice* is silent on whether the defendants affirmatively sought to waive the statute of limitations or merely requested instructions on the lesser offense. (*People* v. *Brice, supra*, 206 Cal.App.3d at pp. 114-115.) The subsequent case of *People* v. *Ognibene* (1993) 12 Cal.App.4th 1286 [16 Cal.Rptr.2d 96] is not so ambiguous. There, the defendant contended "his due process rights were violated when the trial court refused an instruction on a time-barred lesser related offense even though he was willing to waive the statute of limitations." (*Id.* at p. 1287.) The Court of Appeal rejected the contention, largely on the authority of *Brice*. *Brice* and *Ognibene* failed to consider the difference between forfeiture and express waiver. We disapprove them to the extent they are inconsistent with this opinion.

Justice Brauer wrote a concurring opinion in *Brice* (*People* v. *Brice, supra*, 206 Cal.App.3d at pp. 116-118), in which he found himself bound by *People*

v. *Diedrich, supra,* 31 Cal.3d 263, but argued that *"Diedrich* discriminates, and I submit invidiously, against a defendant who is in an 'all or nothing' position because the lesser included or lesser related offenses, otherwise available to him, are time-barred." (*People* v. *Brice, supra,* 206 Cal.App.3d at p. 117.) Justice Brauer urged this court to "reexamine the admittedly long-standing doctrine that the statute of limitations is jurisdictional and cannot be waived. An exception should at least be made for a defendant who affirmatively, intentionally and for valid strategic reasons demands that the jury be instructed on a lesser related but time-barred crime." (*Ibid.*)

We agree with Justice Brauer that a defendant should be allowed to waive the statute of limitations to a lesser offense when subject to prosecution for the greater, but we disagree that anything in *Diedrich* prevents such waiver. In *Diedrich,* we held that the court had no sua sponte duty to instruct on a time-barred lesser included offense. (*People* v. *Diedrich, supra,* 31 Cal.3d at pp. 283-284.) The holding was correct. There is no sua sponte duty to instruct on a time-barred offense for essentially the same reason there is no such duty to instruct on a lesser related offense: the defendant cannot properly be convicted of the lesser offense in either situation. Ordinarily, a defendant may not be convicted of a noncharged related offense because of the lack of notice (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368-369 [173 Cal.Rptr. 453, 627 P.2d 183]) or of a time-barred offense because of the statute of limitations. But just as a defendant may request or consent to an instruction on a related offense (*People* v. *Toro* (1989) 47 Cal.3d 966, 973-977 [254 Cal.Rptr. 811, 766 P.2d 577]) and, upon request, is entitled to the instruction if the facts warrant (*People* v. *Geiger* (1984) 35 Cal.3d 510, 526 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]), so too may one affirmatively waive the statute of limitations.

The district attorney states that his "opposition to petitioner's argument is based not upon any philosophical disagreement with petitioner's position, but rather upon sixty years of this Court's legal precedents." He is concerned that if petitioner pleads guilty, he can later challenge the conviction in a habeas corpus petition and assert the statute of limitations. The concern is understandable, given our statements in *People* v. *Chadd, supra,* 28 Cal.3d at page 757, and *People* v. *Zamora, supra,* 18 Cal.3d at page 547, that a conviction of a time-barred offense, even if based on a guilty plea, is subject to collateral attack, and the decisions of *People* v. *Brice, supra,* 206 Cal.App.3d 111, and *People* v. *Ognibene, supra,* 12 Cal.App.4th 1286. Our holding should obviate that concern. A person who waives the statute of limitations, as petitioner seeks to do here, may not later attack the conviction on the basis of that statute of limitations.

To avoid the problem that arose in this case, we remind trial courts and prosecutors that whenever a defendant seeks to plead guilty to, or a court

considers whether to instruct the jury on, a lesser offense, they should determine whether there may be a problem with the statute of limitations regarding that offense. If so, the court should elicit a waiver of the statute as a condition of the guilty plea or giving the instruction. This should be an easy process. The record need merely reflect in some fashion that the defendant is aware that the offense is, or might be, time-barred, and the defendant has waived the statute of limitations.

## Disposition

For the reasons stated, the superior court under these circumstances possessed jurisdiction to accept petitioner's plea of no contest to voluntary manslaughter even though the statute of limitations for that offense had expired; it therefore should not have set aside the plea. Accordingly, the order of the Court of Appeal denying the petition for writ of mandate is reversed and the Court of Appeal is directed to issue a peremptory writ of mandate compelling the superior court to allow petitioner, should he still desire to do so, to waive the statute of limitations and again plead guilty to manslaughter pursuant to the previously negotiated agreement.

George, C. J., Mosk, J., and Werdegar, J., concurred.

BAXTER, J.—I concur in the majority's holding overruling language in *People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378], and its progeny, to the extent those early cases suggest a court lacks fundamental subject matter jurisdiction over a time-barred criminal offense. And I join in the majority's conclusion that a defendant ought to be able to waive the statute of limitations and, with the prosecutor's consent, plead guilty to a time-barred lesser offense where the waiver is knowing, intelligent, and voluntary, is made for the defendant's benefit and after consultation with counsel (subject to the caveats set forth in the majority opinion, *ante*, at pp. 372-373), and where "'the defendant's waiver does not handicap his defense or contravene any other public policy reasons motivating the enactment of the statutes.'" (*Padie* v. *State* (Alaska 1979) 594 P.2d 50, 57, fn. omitted [adopting the test suggested in Note, *The Statute of Limitations in a Criminal Case: Can It Be Waived?* (1977) 18 Wm. & Mary L.Rev. 823, 840]; see maj. opn., *ante*, at p. 372.)

I join the majority, however, only as a result of its candid acknowledgement that "[a]s the defendant here seeks expressly to waive the statute of limitations, we have no need to decide whether we should overrule [*McGee* and its progeny] entirely and hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise

it before or at trial." (Maj. opn., *ante*, at p. 372.) I find considerable merit in the rationale of Justice Brown's concurring and dissenting opinion. Were the facts of this case subject to a forfeiture analysis, I might well have joined in Justice Brown's conclusion that "[t]here are sound practical and public policy reasons to adopt an affirmative defense approach" to criminal statutes of limitation in California. (Conc. and dis. opn. of Brown, J., *post*, at p. 387.) Numerous state and federal courts have seen the wisdom in so doing. (*Id.* at pp. 388-389, and cases cited.)

The facts of this case, however, simply do not present us with an appropriate vehicle for determining whether to abandon the jurisdictional approach of *McGee* and its progeny altogether, in favor of an affirmative defense approach and a forfeiture rule consistent with California precedents generally holding that affirmative defenses are subject to such a rule. (See, e.g., *People* v. *McNabb* (1991) 228 Cal.App.3d 462, 471 [279 Cal.Rptr. 11]; *People* v. *Bonwit* (1985) 173 Cal.App.3d 828, 832 [219 Cal.Rptr. 297].) The facts of this case do directly afford us an opportunity to sanction a criminal defendant's desire to expressly waive the benefits of an otherwise applicable statute of limitations, where the prerequisites noted above have been met. Out of an abundance of caution, I therefore join in the majority's limited holding. As I read the majority opinion, the determination whether the statute of limitations in criminal cases might be deemed an affirmative defense, which can be forfeited if not raised prior to or during trial, has been left open for another day.

CHIN, J.—Obviously, I concur fully in the majority opinion I have authored. It correctly states that, because the defendant wants to waive the statute of limitations expressly, we do not have to decide whether to overrule *People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378] and its progeny entirely. (Maj. opn., *ante*, at p. 374.) However, Justice Brown argues that we should "overrule these prior decisions and hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial." (Conc. and dis. opn. of Brown J., *post*, at p. 384.) I write separately to explain why I tend to disagree.

## I.

Principles of stare decisis alone should make us very reluctant to overrule these cases. For over 60 years, the rule has been " 'well settled' ": the statute of limitations cannot be forfeited by the mere failure to assert it. (*People* v. *Chadd* (1981) 28 Cal. 739, 757.) We have long recognized that our rule is different from that of some other jurisdictions. (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547, fn. 6 [134 Cal.Rptr. 784, 557 P.2d 75].) Absent some compelling reason, we should not upset this settled law.

I do not, however, rely solely on 60 years of authority. Creating a new forfeiture rule would be bad policy. The statute of limitations, when applicable, completely bars the prosecution. To allow defendants to lose the protection of the limitation accidentally could mean that persons could languish in prison under judgments that could not have occurred had they merely thought of the statute of limitations in time. For example, suppose a person was charged with a burglary that had occurred 20 years earlier. The information, on its face, makes clear the prosecution is time-barred. The defendant had lived a law-abiding life in the interim. At arraignment, he forthrightly admits his guilt, waives his right to an attorney, and pleads guilty. The next day, he learns of the statute of limitations. Is he bound forever? Should he be? I think not. That is what we have repeatedly said for 60 years.

It is also fair to ensure that defendants knowingly waive the statute of limitations when pleading guilty to or requesting instructions on lesser offenses. A defendant might have a credible defense to the charged offense but none to a lesser offense. If the prosecution offers to dismiss the greater offense in return for a guilty plea to the lesser, the defendant may feel he has nothing to lose and accept the offer. But if the lesser offense is time-barred, that may change the equation. The defendant would have much to lose by waiving the statute of limitations and pleading guilty. The decision should be knowing, not accidental.

In addition to being fair, requiring an express waiver of the statute of limitations makes practical sense. Unlike a forfeiture rule, which would imply a waiver on a silent record, requiring an express waiver would ensure a fully developed record. When a defendant seeks to plead guilty to, or have the court instruct on, a time-barred offense, the court, with the assistance of the prosecutor, should take a simple waiver. That way the record is protected. A defendant who expressly waives the statute of limitations cannot later claim he did not know of it. The forfeiture rule would leave the record undeveloped. Whenever the defendant was represented, i.e., most of the time, the defendant could later claim he did not receive effective assistance of counsel, a claim which would be plausible most of the time, meritorious much of the time, and difficult to disprove all the time.

If a represented defendant pleads guilty to a time-barred offense and thereby forfeits the statute of limitations, but later claims counsel was ineffective, on what basis could a court deny relief? Suppose the defendant requests and receives an instruction of a time-barred lesser offense and is convicted of the lesser offense. Later he files a petition for writ of habeas corpus, claiming his attorney never discussed the statute of limitations with

him, and if he had known the lesser offense was time-barred, he would never have agreed to requesting the instruction. When the record is silent, the claim would be credible. It would have to be litigated and would often be found meritorious. On the other hand, a simple waiver on the record would settle the matter.

This concern about ineffective assistance of counsel claims is not merely theoretical. Although there are no examples from California, where there is no forfeiture rule, they are abundant in other jurisdictions which have a forfeiture rule in theory but not in practice. In *U.S. v. Hansel* (2d Cir. 1995) 70 F.3d 6, the defendant pleaded guilty to a time-barred offense. The court held that because, in that jurisdiction, the statute of limitations was an affirmative defense, the defendant could not raise it directly. However, the court allowed the defendant to raise it indirectly: "Hansel's counsel's failure to object to the time-barred counts is unaccountable in the circumstances, and cannot 'be considered sound trial strategy.' . . . Hansel's prejudice is that he pled guilty to two time-barred counts that would have been dismissed, if his attorney had acted competently. Hansel's counsel was therefore ineffective under *Strickland* [v. *Washington* (1984) 466 U.S. 668 (80 L.Ed.2d 674, 104 S.Ct. 2052)], and Hansel's Sixth Amendment right to counsel was thereby impaired. Hansel's waiver of the time-bar defense cannot be deemed knowing and intelligent: we may assume that he would not have pled guilty to counts that he knew to be time-barred." (*U.S. v. Hansel, supra,* 70 F.3d at p. 8.)

In *People v. Brocksmith* (1992) 237 Ill.App.3d 818 [178 Ill.Dec. 536, 604 N.E.2d 1059], the defendant requested, and the court gave, instructions on a time-barred lesser included offense. The jury convicted the defendant of the lesser offense. On appeal, the defendant argued the offense was time-barred. The court rejected the argument, finding the defendant had waived, i.e., forfeited, the claim. It therefore affirmed the conviction on direct appeal. (*Id.* at pp. 1064-1065.) However, the court went on to grant postconviction relief because of ineffective assistance of counsel. The defendant had alleged that defense counsel "had submitted the instruction on the issue without defendant's informed consent," and "[t]he trial court found that defense counsel had not discussed the statute of limitations with Brocksmith." (*Id.* at p. 1065.) Relying on "the attorney's failure to adequately present facts to the defendant to allow defendant to make an informed decision," the appellate court found that "the decision to submit the lesser offense instruction and thus to waive the statute of limitations was not the product of informed consent." (*Id.* at pp. 1065-1066.) The court found that when a decision to request jury instructions "includes a decision whether to waive a statute of limitation, the defendant must be consulted. The right to waive the statute

belongs to the defendant and should not be assumed from the action of counsel in this situation." (*Id.* at p. 1066.) It concluded that "defendant was denied his constitutional right to effective assistance of counsel" and set aside the conviction. (*Ibid.*)

I need not discuss the facts of similar cases. The following cases grant relief on ineffective assistance of counsel grounds even though the defendant had supposedly forfeited the statute of limitations. (*Com.* v. *Barrett* (1994) 418 Mass. 788 [641 N.E.2d 1302, 1306]; *People* v. *Gwinn* (1994) 255 Ill.App.3d 628 [194 Ill.Dec. 362, 627 N.E.2d 699]; *State* v. *Wiemer* (1995) 3 Neb.App. 821 [533 N.W.2d 122, 132-134] [ordering an evidentiary hearing]; *Com.* v. *Groff* (1988) 378 Pa.Super. 353 [548 A.2d 1237, 1244-1248].) In *U.S.* v. *Oliva* (3d Cir. 1995) 46 F.3d 320, 325, the court found the statute of limitations claim had been waived and left the claim of ineffective assistance for a collateral proceeding.

I do not suggest that the law in this area would develop exactly as in these cases. But a forfeiture rule would lead inevitably to the development of an entirely new jurisprudence, one we have avoided to date in California. A new subspecialty of ineffective assistance of counsel claims would arise. That development would be neither desirable nor necessary. The simple expedient of taking a waiver will avoid the problem. A silent record aids no one.

## II.

Justice Brown argues that "the determination of whether the statute of limitations applies in a given case has become an extraordinarily complex and time-consuming task, often requiring both factual development and the resolution of difficult legal issues." (Conc. and dis. opn. of Brown, J., *post*, at p. 387.) The problem is overstated, as the paucity of cases presenting it testifies. The question is limited to a charging document that, on its face, indicates the offense is time-barred. "[W]here the pleading of the state *shows that the period of the statute of limitations has run,* and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone." (*People* v. *McGee, supra,* 1 Cal.2d at pp. 613-614, italics added.) *McGee* does not apply to an information that, as it should, either shows that the offense was committed within the time period or contains tolling allegations. Although, under our cases, defendants may not waive the statute of limitations if it has expired as a matter of law, they may certainly waive the ability to litigate factual issues such as questions of tolling.

This was explained in *People* v. *Padfield* (1982) 136 Cal.App.3d 218 [185 Cal.Rptr. 903]. There the information alleged discovery of the crime within

the limitations period, an allegation which, if proven, would make the prosecution timely. The defendant pleaded nolo contendere, then sought to assert the statute of limitations on appeal. While recognizing the *McGee* line of cases, the appellate court held the defendant had waived his right to litigate the factual question whether the offense was time-barred. "[W]hen the pleading is facially sufficient, the issue of the statute of limitations is solely an evidentiary one. The sufficiency of the evidence introduced on this issue does not raise a question of jurisdiction in the fundamental sense." (*People* v. *Padfield, supra,* 136 Cal.App.3d at p. 226.) "By pleading nolo contendere, defendant admitted the sufficiency of the evidence establishing that the statute of limitations was tolled . . . . Having admitted the sufficiency of that evidence by his plea, he cannot now challenge it with a forked tongue on appeal." (*Id.* at p. 227.)

It is true that it may occasionally be difficult to determine whether a lesser included offense was time-barred. This difficulty, however, *increases* the value of having an express waiver at trial, rather than attempting to litigate these questions following a claim of ineffective assistance of counsel.

Justice Brown raises the specter of "adding still another item to the extensive plea allocution already imposed on our trial courts . . . ." (Conc. and dis. opn. of Brown, J., *post,* at p. 390.) On the contrary, as the majority explains (maj. opn., *ante,* at pp. 373, 377), taking a waiver should be simple. No complex liturgy is required. The court need merely make the defendant aware in some fashion that the charge is, or may be, time-barred, and obtain a waiver. Even that would only be necessary when there is, indeed, a potential statute of limitations problem. Protecting the record this way is preferable to litigating on a silent record whether the defendant obtained effective assistance of counsel whenever convicted of a time-barred offense.

Justice Brown argues that *People* v. *Toro* (1989) 47 Cal.3d 966 [254 Cal.Rptr. 811, 766 P.2d 577] supports a forfeiture rule. (Conc. and dis. opn. of Brown, J., *post,* at p. 390.) On the contrary, *Toro* confronted a very different situation. That decision merely stands for the unremarkable proposition that, by requesting or acquiescing in an instruction on a lesser crime "despite ample opportunity" to object (*People* v. *Toro, supra,* 47 Cal.3d at p. 974), the defendant has implicitly waived a claim of lack of notice. " 'Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense.' " (*Id.* at p. 973.) It is inherently inconsistent for a defendant to request or acquiesce in an instruction on a crime, then later claim he did not know the court would instruct on that crime. This rationale does not extend to time-barred lesser offenses. It would not be inconsistent

for a defendant to request an instruction on a time-barred lesser offense without an express waiver, then later claim he did not know about the statute of limitations. It is quite plausible the defendant might not have requested the instruction had he known it was time-barred.

Justice Brown also cites *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625] as consistent with a forfeiture rule. (Conc. and dis. opn. of Brown, J., *post*, at p. 391, fn. 4.) Although *Griffin* provides a useful discussion of the difference between acting without subject matter jurisdiction and merely acting in excess of jurisdiction, to the extent it applies estoppel, it also involves quite different facts. In *Griffin*, a hearing was held *within* the statutory time period to revoke probation. The matter was continued at defense request to a time beyond the statutory period. Thus, the defendant's own action caused what had been timely to become untimely. The court held the defendant could not challenge the court's jurisdiction when the time period expired at his request: "By seeking a continuance to a time beyond the end of the probationary term petitioner asked the court to do in a manner that was in excess of jurisdiction what it could have done properly by immediately revoking probation . . . ." (67 Cal.2d at p. 348.) This rationale would not apply to a situation, like the one here, where the time limit had *already expired* at the time of the purported forfeiture.

The *Griffin* rule has long coexisted with the *McGee* rule. The reason is clear. They govern different situations.

### III.

Except where waiver might benefit the defendant, which we did not consider in *People* v. *McGee, supra,* 1 Cal.2d 611, the system has worked quite well over the years. We should not fix what is not broken. We should adjust the rule to accommodate a situation unanticipated in *McGee,* not entirely repudiate over six decades of settled law.

**BROWN, J.,** Concurring and Dissenting.—I concur in the majority's holding that petitioner Gerald Thomas Cowan (Cowan) should be permitted to enter a no contest plea to the lesser offense of voluntary manslaughter in exchange for dismissal of the greater charges. However, I respectfully dissent from the majority's conclusion that Cowan must expressly waive the statute of limitations for voluntary manslaughter in order to do so.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 1994, Cowan was charged with three counts of murder with special circumstances and a number of related enhancements. On

January 29, 1996, pursuant to a negotiated disposition, Cowan entered a no contest plea to one count of voluntary manslaughter and to a knife use enhancement allegation. In exchange, Cowan was to receive a maximum prison sentence of four years, and the remaining charges were to be dismissed.

Prior to sentencing, the district attorney realized that the statute of limitations had run on the charge of voluntary manslaughter. Accordingly, the district attorney filed a motion to set aside Cowan's plea "on the grounds that the plea is illegal . . . . The statute of limitations is jurisdictional and cannot be waived." At the hearing on the motion, Cowan expressly stated that he was willing to waive the statute. Nonetheless, the superior court set aside his no contest plea, concluding that the bar of the statute "is a jurisdictional defect and the parties can never stipulate to jurisdiction." The Court of Appeal summarily denied Cowan's petition for a writ of mandate, citing our decision in *People* v. *Chadd* (1981) 28 Cal.3d 739 [170 Cal.Rptr. 798, 621 P.2d 837], in which we held that the statute of limitations in criminal cases goes to the subject matter jurisdiction of the court and, hence, cannot be waived. (*Id.* at p. 757.)

We granted Cowan's petition for review and issued an alternative writ. In his return, the district attorney states that his "opposition to [Cowan's] argument is based not upon any philosophical disagreement with [Cowan's] position, but rather upon sixty years of this Court's legal precedents." For the reasons discussed below, I would overrule these prior decisions and hold that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial.

## II. DISCUSSION

This court first adopted a jurisdictional approach in *People* v. *McGee* (1934) 1 Cal.2d 611 [36 P.2d 378] (hereafter *McGee*). We began by noting that "[w]hether the statute of limitations in criminal cases is jurisdictional, or a matter of defense to be affirmatively pleaded by the defendant, is a question upon which there exists some diversity of opinion." (*Id.* at p. 613.) After concluding that it was "necessary that this confusion be eliminated," we summarily declared that "the more desirable rule is that the statute is jurisdictional, and that an indictment or information which shows on its face that the prosecution is barred by limitations fails to state a public offense. The point may therefore be raised at any time, before or after judgment." (*Ibid.*) The extent of our analysis was as follows: "This is, of course, a rule essentially different from that governing civil actions, and it results from the different character of the statute in the two kinds of proceedings. In civil

actions the statute is a privilege which may be waived by the party. In criminal cases, the state, through its legislature, has declared that it will not prosecute crimes after the period has run, and hence has *limited the power of the courts to proceed in the matter.* (See *People* v. *Hoffman* [(1933) 132 Cal.App. 60 (22 P.2d 229)]; *State* v. *Bilboa* [(1923)] 38 Idaho, 92 [213 Pac. 1025, 222 Pac. 785].) It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, *the power to proceed in the case is gone."* (*McGee, supra,* 1 Cal.2d at pp. 613-614, italics added.)

Although we have reiterated *McGee*'s jurisdictional approach on a number of different occasions, we have offered very little in the way of additional analysis. (See, e.g., *People* v. *Chadd, supra,* 28 Cal.3d at pp. 756-757; *People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75]; *In re Demillo* (1975) 14 Cal.3d 598, 601-603 [121 Cal.Rptr. 725, 535 P.2d 1181]; *People* v. *Rehman* (1964) 62 Cal.2d 135, 139 [41 Cal.Rptr. 457, 396 P.2d 913]; *People* v. *Crosby* (1962) 58 Cal.2d 713, 722, 725 [25 Cal.Rptr. 847, 375 P.2d 839].) In *Chadd,* we did confirm that the reference to "the power of the courts to proceed" in *McGee, supra,* 1 Cal.2d at page 613, was to subject matter jurisdiction. We emphasized that " 'the power of the courts to proceed'—i.e., their jurisdiction over the subject matter— cannot be conferred by the mere act of a litigant, whether it amount to consent, waiver, or estoppel [citations] . . . ." (*People* v. *Chadd, supra,* at p. 757.)

As previously noted, when we decided *McGee* in 1934, we opted for a jurisdictional approach based on our contemporaneous assessment that it was "the more desirable rule." (*McGee, supra,* 1 Cal.2d at p. 613.) With the subsequent proliferation of lesser related and lesser included offenses, how- ever, the approach began to have some unexpected consequences. For example, in *People* v. *Rose* (1972) 28 Cal.App.3d 415 [104 Cal.Rptr. 702], the defendant was charged with murder. (*Id.* at p. 416.) The trial court instructed the jury on both murder and the lesser offense of voluntary manslaughter. (*Ibid.*) After the defendant was convicted of voluntary man- slaughter, the Court of Appeal, on its own motion, reversed the conviction on statute of limitations grounds. (*Id.* at pp. 416-418.) The court acknowl- edged that "the state of the record may be the result of defense strategy pointed at preventing the jury from having to choose between murder and acquittal." (*Id.* at p. 417.) Nonetheless, citing *McGee, supra,* 1 Cal.2d 611, the court concluded that "the conviction is jurisdictionally defective and must be reversed." (*People* v. *Rose, supra,* at p. 417.) In *People* v. *Morgan* (1977) 75 Cal.App.3d 32, 35-37 [141 Cal.Rptr. 863], the Court of Appeal

reached a similar conclusion with respect to an involuntary manslaughter conviction.

Even more anomalous is *People* v. *Brice* (1988) 206 Cal.App.3d 111 [253 Cal.Rptr. 370], a case in which the defendants themselves requested the lesser offense instruction at issue. In *Brice*, the defendants were charged with murder and conspiracy to commit murder. (*Id.* at p. 114.) The trial court acceded to their request for a lesser offense instruction on the crime of being accessories to murder. (*Ibid.*) Following its deliberations, the jury acquitted the defendants of murder and conspiracy but convicted them of being accessories to murder. (*Ibid.*) On appeal, the defendants argued that their convictions must be reversed because "although they requested instruction on the lesser related offense, they did not waive the statute of limitations which bar[red] their conviction for that offense." (*Id.* at p. 115.) Relying on *McGee, supra,* 1 Cal.2d 611, the Court of Appeal agreed. (*People* v. *Brice, supra,* at pp. 114-116.) In his concurring opinion, Justice Brauer pointed out the absurdity of this result: "At trial, the defendants demanded accessory-after-the-fact instructions . . . . When the jury convicted them of that offense, they garnered an unexpected windfall: they escaped scot-free on that charge because the statute of limitations had run." (*Id.* at pp. 116-117 (conc. opn. of Brauer, J.).)

The converse of *Brice* occurred in *People* v. *Ognibene* (1993) 12 Cal.App.4th 1286 [16 Cal.Rptr.2d 96]. In *Ognibene*, the defendant was charged with several counts of grand theft and requested that the jury be instructed on odometer tampering, a time-barred lesser offense. (*Id.* at pp. 1287-1288.) In connection with his request, the defendant offered to waive the statute of limitations for odometer tampering. (*Id.* at p. 1288.) Relying again on *McGee, supra,* 1 Cal.2d 611, the Court of Appeal upheld the trial court's refusal to give the requested instruction, concluding that "stare decisis compels us to find that a California defendant cannot waive the statute of limitations for any purpose." (*People* v. *Ognibene, supra,* at p. 1288.)

Today, we come face to face with yet another unfortunate consequence of the *McGee* line of cases. The parties desire that Cowan, who is facing capital murder charges, be allowed to enter a no contest plea to lesser charges. However, our prior decisions holding that the statute of limitations in criminal cases goes to the subject matter jurisdiction of the court prevent him from doing so. In light of the problems that a jurisdictional approach has

spawned, I would overrule the *McGee* line of cases[1] and hold that the statute of limitations in criminal cases is an affirmative defense.

There are sound practical and public policy reasons to adopt an affirmative defense approach. First, one of the primary purposes of a statute of limitations is "to foreclose the potential for inaccuracy and unfairness that stale evidence and dull memories may occasion in an unduly delayed trial." (*United States* v. *Levine* (3d Cir. 1981) 658 F.2d 113, 127, italics omitted.) Much like the right to a speedy trial, "[t]his purpose is related to determining fairly the factual guilt of a defendant and not with the ability of the State to bring charges against the defendant." (*Conerly* v. *State* (Miss. 1992) 607 So.2d 1153, 1157; *People* v. *Allen* (1992) 192 Mich.App. 592 [481 N.W.2d 800, 805]; *State* v. *Lambrechts* (R.I. 1991) 585 A.2d 645, 646.) Therefore, it is not unreasonable to expect a defendant who desires the benefit of the statute to bring the issue to the trial court's attention.

Second, by requiring a defendant to raise a statute of limitations issue in the trial court, we would encourage the parties to focus on the issue at that level, where it can be fully explored and an adequate record developed. The importance of a well-developed record in this context cannot be overemphasized. The jurisdictional approach established in *McGee, supra,* 1 Cal.2d 611, presupposed that it would generally be possible to tell from the face of the indictment or information whether a particular cause of action was barred by the statute of limitations. While this may have been true at the time *McGee* was decided, it is certainly no longer the case. Rather, with the expansion of lesser related and lesser included offenses, many causes of action—and any corresponding discovery or tolling allegations—are not even set out in the accusatory pleading. (See, e.g., *People* v. *Ognibene, supra,* 12 Cal.App.4th at p. 1288; *People* v. *Brice, supra,* 206 Cal.App.3d at p. 114; *People* v. *Morgan, supra,* 75 Cal.App.3d at p. 35; *People* v. *Rose, supra,* 28 Cal.App.3d at pp. 416-417.)[2] Since *McGee* was decided, the determination of whether the statute of limitations applies in a given case has become an extraordinarily complex and time-consuming task, often requiring both factual development and the resolution of difficult legal issues.

---

[1]See, e.g., *People* v. *Chadd, supra,* 28 Cal.3d at pages 756-757; *People* v. *Zamora, supra,* 18 Cal.3d at page 547; *In re Demillo, supra,* 14 Cal.3d at pages 601-603; *People* v. *Rehman, supra,* 62 Cal.2d at page 139; *People* v. *Crosby, supra,* 58 Cal.2d at pages 722, 725; *McGee, supra,* 1 Cal.2d at pages 613-614.

[2]These cases demonstrate that application of the *McGee* rule has not been "limited to a charging document that, on its face, indicates the offense is time-barred." (See conc. opn. of Chin, J., *ante,* at p. 381.) The application of a jurisdictional approach to lesser offenses not alleged in an accusatory pleading is particularly problematic because there is no reason for the prosecution to include discovery or tolling allegations as to those offenses. (Cf. *People* v. *Rose, supra,* 28 Cal.App.3d at p. 418 [permitting prosecution to amend the accusatory pleading on remand]; *People* v. *Morgan, supra,* 75 Cal.App.3d at pp. 38-41 [same].)

(See, e.g., Pen. Code, § 803, subd. (c) [enumerating offenses for which the statute does not commence to run until discovery of the offense]; *id.*, subd. (d) [tolling provisions]; *People* v. *Bell* (1996) 45 Cal.App.4th 1030, 1061 [53 Cal.Rptr.2d 156] [addressing which parties qualify as "discoverers" and what constitutes "discovery" for the purposes of Pen. Code, § 803, subd. (c)]; *People* v. *Zamora, supra,* 18 Cal.3d at pp. 548-549 & fn. 7 [noting that in conspiracy cases statute does not commence to run until the last overt act committed in furtherance of the conspiracy, but observing that "adoption of a 'last overt act' rule does not answer the questions of what constitutes an 'overt act' and when an 'overt act' must occur."].) Given the complexities of our modern criminal statutes of limitations, without an adequate record, the trial court cannot properly assess issues arising under the statutes, and meaningful appellate review is virtually impossible.

Finally, as I explain below (see *post,* pp. 391-392), employing an affirmative defense approach would avoid all of the pitfalls of a jurisdictional approach that I have previously outlined. (See *ante,* pp. 385-386.)

Nor are there any statutory or constitutional impediments to adopting an affirmative defense approach. To the contrary, our decision in *McGee, supra,* 1 Cal.2d 611, was based simply on what we then perceived to be "the more desirable rule." (*Id.* at p. 613.) Nothing in the language of either our state Constitution or our criminal statutes of limitations requires us to continue to adhere to a jurisdictional approach now that it has become painfully obvious that it is not, in fact, "more desirable." (*Ibid.*) Even amicus curiae California Attorneys for Criminal Justice, an organization of criminal defense attorneys, acknowledges that while *McGee* "is robust due to its having been followed in many cases, it is relatively fragile on its face. *McGee* was decided prior to major modern developments in criminal procedure. Viewed in context, the ruling has little clear relevance today."

Insofar as the federal Constitution is concerned, the United States Supreme Court itself has recognized the viability of an affirmative defense approach. (See *Biddinger* v. *Commissioner of Police* (1917) 245 U.S. 128, 135 [62 L.Ed. 193, 199, 38 S.Ct. 41] ["The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases, [citation] . . . ."].) Indeed, to the extent the federal Constitution informs our analysis at all, it suggests that a strict jurisdictional approach may not be appropriate, at least in certain circumstances. (See *Spaziano* v. *Florida* (1984) 468 U.S. 447, 454-457 [82 L.Ed.2d 340, 348-351, 104 S.Ct. 3154] [suggesting that a capital defendant has a due process right to have the jury instructed on time-barred lesser included offenses provided that he is willing to waive the statute of limitations].)

The adoption of an affirmative defense approach would also bring California into line with other state and federal courts that have considered the issue. With near uniformity, these courts have held that the statute of limitations in criminal cases does not go to the jurisdiction of the court but rather is an affirmative defense. (See, e.g., *State* v. *Littlejohn* (1986) 199 Conn. 631 [508 A.2d 1376, 1379-1382, 78 A.L.R.4th 675]; *People* v. *Williams* (1979) 79 Ill.App.3d 806 [35 Ill.Dec. 63, 398 N.E.2d 1013, 1014]; *State* v. *Cole* (Iowa Ct.App. 1989) 452 N.W.2d 620, 621-622; *Lowe* v. *State* (1989) 14 Kan.App.2d 119 [783 P.2d 1313, 1315-1316]; *Brooks* v. *State* (1991) 85 Md.App. 355 [584 A.2d 82, 87-88]; *Com.* v. *Steinberg* (1989) 404 Mass. 602 [536 N.E.2d 606, 609]; *People* v. *Allen, supra,* 481 N.W.2d at pp. 803-806; *State* v. *Johnson* (Minn.Ct.App. 1988) 422 N.W.2d 14, 16-17; *Conerly* v. *State, supra,* 607 So.2d at pp. 1156-1158; *Longhibler* v. *State* (Mo. 1992) 832 S.W.2d 908, 910-911; *State* v. *Wiemer* (1995) 3 Neb.App. 821 [533 N.W.2d 122, 132-133]; *Hubbard* v. *State* (1994) 110 Nev. 671 [877 P.2d 519, 522-523]; *People* v. *Dickson* (1987) 133 A.D.2d 492 [519 N.Y.S.2d 419, 420-421]; *State* v. *Brown* (1988) 43 Ohio.App.3d 39 [539 N.E.2d 1159, 1161-1164]; *Com.* v. *Darush* (1983) 501 Pa. 15, fn. 4 [459 A.2d 727, 730]; *State* v. *Lambrechts, supra,* 585 A.2d at pp. 646-648; *United States* v. *Wild* (D.C. Cir. 1977) 551 F.2d 418, 421-425 [179 App.D.C. 232]; *Acevedo-Ramos* v. *U. S.* (1st Cir. 1992) 961 F.2d 305, 307; *United States* v. *Walsh* (2d Cir. 1983) 700 F.2d 846, 855-856; *United States* v. *Karlin* (3d Cir. 1986) 785 F.2d 90, 92-93; *United States* v. *Williams* (4th Cir. 1982) 684 F.2d 296, 299-300; *U. S.* v. *Arky* (5th Cir. 1991) 938 F.2d 579, 581-582; *U.S.* v. *Del Percio* (6th Cir. 1989) 870 F.2d 1090, 1093-1094; *United States* v. *Meeker* (7th Cir. 1983) 701 F.2d 685, 687-688; *U.S.* v. *DeTar* (9th Cir. 1987) 832 F.2d 1110, 1114 [102 A.L.R.Fed. 117]; *United States* v. *Gallup* (10th Cir. 1987) 812 F.2d 1271, 1280.)

While all of these jurisdictions have adopted an affirmative defense approach, they have been less consistent in their implementation of the approach. Some cases appear to emphasize the existence of an express waiver; others have employed a forfeiture rule. (See *Acevedo-Ramos* v. *U.S., supra,* 961 F.2d at pp. 307-309 [noting contrary authorities and rejecting an express waiver requirement].) In this context, it is important to understand the difference between "waiver" and "forfeiture." As we explained in *People* v. *Saunders* (1993) 5 Cal.4th 580 [20 Cal.Rptr.2d 638, 853 P.2d 1093], "the terms 'waiver' and 'forfeiture' have long been used interchangeably. The United States Supreme Court recently observed, however: 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citations.]' (*United States* v. *Olano* [(1993) 507

U.S. 725, 733 (123 L.Ed.2d 508, 519, 113 S.Ct. 1770)].)" (*People* v. *Saunders, supra,* at p. 590, fn. 6.) In my view, a forfeiture rule is preferable.[3]

A forfeiture rule is consistent with California precedents holding that affirmative defenses are subject to forfeiture. (See, e.g., *People* v. *McNabb* (1991) 228 Cal.App.3d 462, 471 [279 Cal.Rptr. 11]; *People* v. *Bonwit* (1985) 173 Cal.App.3d 828, 832 [219 Cal.Rptr. 297]; see also *U.S.* v. *Arky, supra,* 938 F.2d at p. 582 ["if the limitations defense is not jurisdictional, . . . then it is difficult to conceive why it alone, of all the defendant's affirmative defenses, should not be waived if not asserted at trial."].) And, in the case of a guilty or no contest plea, it is consistent with California precedents holding that such a plea "admits all matters essential to the conviction." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872]; *In re Troy Z.* (1992) 3 Cal.4th 1170, 1179-1182 [13 Cal.Rptr.2d 724, 840 P.2d 266]; see also *Acevedo-Ramos* v. *U.S., supra,* 961 F.2d at p. 308 ["As the [United States] Supreme Court has noted, its 'decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required.' [Citation.]"].) In addition, a forfeiture rule avoids adding still another item to the extensive plea allocution already imposed on our trial courts; it also avoids requiring our trial courts to focus on the statute of limitations while undertaking the difficult task of determining which lesser offense instructions to give in a particular case.

Our recent decision in *People* v. *Toro* (1989) 47 Cal.3d 966 [254 Cal.Rptr. 811, 766 P.2d 577] strongly supports the use of a forfeiture rule. In *Toro,* we considered "whether the due process right of an accused to be notified of criminal charges renders invalid a conviction for a lesser related offense when no objection was raised at trial to the jury's consideration of the offense." (*Id.* at p. 969.) We began our analysis by reiterating the well-established rule that a defendant who *requests* lesser related offense instructions gives up his due process right to notice. (*Id.* at p. 973.) We then went

---

[3]I respectfully disagree with the majority's conclusion that because Cowan "seeks expressly to waive the statute of limitations, [there is] no need to decide whether . . . the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial." (Maj. opn., *ante,* at p. 374.) In my view, this is a forfeiture case. As noted above, Cowan entered a no contest plea to voluntary manslaughter without raising the statute of limitations in any fashion. It was not until the post-plea proceedings, initiated by the district attorney, that express waiver even entered the picture. Nor is a forfeiture rule any less faithful to principles of stare decisis than an express waiver rule. (See conc. opn. of Chin, J., *ante,* at p. 378.) Both rules require that *McGee's* core holding that the statute of limitations in criminal cases goes to the subject matter jurisdiction of the trial court be overruled. (Compare maj. opn., *ante,* at p. 374 with *ante,* p. 386.) It is simply not possible to "partially" overrule or "adjust" a subject matter jurisdiction rule. (See maj. opn., *ante,* at p. 374; conc. opn. of Chin, J., *ante,* at p. 383.) This court having decided to overrule *McGee's* core holding, it only makes sense to consider the full range of options as to what rule should be substituted in its place.

on to extend the rule to a defendant who *fails to object* to such instructions, holding that by failing to object the defendant should be deemed to have given his "implied consent" to the instructions. (*Id.* at pp. 973-978.) Because we did not require an actual awareness on the defendant's part that he was forsaking his due process right to notice, the term "implied consent," as used in *Toro*, encompasses both "implied waiver" (intentional relinquishment of a *known* right through conduct) and "forfeiture" (failure to make a timely assertion of a right). In other words, a defendant who, wholly unaware that he is giving up his constitutional right to notice, fails to object to lesser related offense instructions is nonetheless deemed to have forfeited that right.[4]

Similarly, in a variety of other contexts, we have permitted constitutional rights to be forfeited. (See, e.g., *In re Horton* (1991) 54 Cal.3d 82, 100 [284 Cal.Rptr. 305, 813 P.2d 1335] [trial by a court commissioner acting as a temporary judge]; *People* v. *Saddler* (1979) 24 Cal.3d 671, 679 [156 Cal.Rptr. 871, 597 P.2d 130] [Fifth Amendment privilege against self-incrimination]; *People* v. *Belcher* (1974) 11 Cal.3d 91, 96 [113 Cal.Rptr. 1, 520 P.2d 385] [double jeopardy defense].) It would make little sense to permit the forfeiture of important constitutional rights but not to permit the forfeiture of statutory rights enumerated in statutes of limitations. (See *State* v. *Johnson, supra,* 422 N.W.2d at p. 17.)

A forfeiture rule would solve all of the problems that have arisen under a jurisdictional approach. A forfeiture rule would solve the problem that arose in this case because a defendant who pleads guilty without raising a statute of limitations defense forfeits his right to rely on the defense. (See, e.g., *State* v. *Cole, supra,* 452 N.W.2d at pp. 621-622; *Lowe* v. *State, supra,* 783 P.2d at pp. 1315-1316; *Longhibler* v. *State, supra,* 832 S.W.2d at p. 911; *Hubbard* v. *State, supra,* 877 P.2d at pp. 522-523; *People* v. *Dickson, supra,* 519 N.Y.S.2d at p. 421; *State* v. *Brown, supra,* 539 N.E.2d at pp. 1163-1164;

---

[4] I do not share the view that *Toro* is distinguishable from cases involving instructions on time-barred lesser offenses on the grounds that "[i]t is quite plausible the defendant might not have requested the instruction had he known it was time-barred." (Conc. opn. of Chin, J., *ante,* at p. 383.) It is equally plausible that a defendant might not have requested or acquiesced in lesser related offense instructions had he known that by doing so he was giving up his constitutional right to notice.

Although *In re Griffin* (1967) 67 Cal.2d 343 [62 Cal.Rptr. 1, 431 P.2d 625], cited by the majority (see maj. opn., *ante,* at p. 374), is factually distinguishable from the instant case, it is at least consistent with my approach. In that case, we noted that "a party who seeks *or consents* to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.]" (67 Cal.2d at p. 347, italics added.) Our holding in *People* v. *Toro, supra,* 47 Cal.3d 966, demonstrates that the term "consent" encompasses "forfeiture" and should not be limited to cases of "express waiver."

*Acevedo-Ramos* v. *U.S., supra,* 961 F.2d at pp. 307-309.) A forfeiture rule would solve the problems that arose in *People* v. *Brice, supra,* 206 Cal.App.3d 111 and *People* v. *Ognibene, supra,* 12 Cal.App.4th 1286, because a defendant who requests lesser offense instructions on a time-barred offense forfeits his right to rely on a statute of limitations defense. (See, e.g., *State* v. *Lambrechts, supra,* 585 A.2d at pp. 647-648; *United States* v. *Williams, supra,* 684 F.2d at pp. 299-300; *U. S.* v. *DeTar, supra,* 832 F.2d at p. 1115.) A forfeiture rule would solve the problems that arose in *People* v. *Morgan, supra,* 75 Cal.App.3d 32 and *People* v. *Rose, supra,* 28 Cal.App.3d 415, because a defendant who fails to object to lesser offense instructions on a time-barred offense forfeits his right to rely on a statute of limitations defense. (See, e.g., *People* v. *Lohnes* (1973) 76 Misc.2d 507 [351 N.Y.S.2d 279, 281-284]; see also *People* v. *Toro, supra,* 47 Cal.3d at pp. 973-978.) And because, as here, defendants often have valid strategic reasons for not raising the statute of limitations, there is no reason to believe that ineffective assistance of counsel claims would be any more prevalent in the statute of limitations context than in any of the many other areas in which we routinely apply forfeiture rules.

By contrast, an express waiver rule would not solve the problems that arose in *People* v. *Brice, supra,* 206 Cal.App.3d 111, *People* v. *Morgan, supra,* 75 Cal.App.3d 32, and *People* v. *Rose, supra,* 28 Cal.App.3d 415. Moreover, as the People observe in their briefing, an express waiver rule would inevitably lead to collateral proceedings—specifically, proceedings over whether particular waivers were knowing and intelligent. An express waiver rule would also encourage gamesmanship. Under an express waiver rule, a defendant would often have every incentive *not* to bring a statute of limitations defense to the trial court's attention. To offer just one example, consider a murder case in which the trial court proposed to instruct the jury on the lesser offense of manslaughter without realizing the offense was time-barred. A defendant desiring the benefit of the manslaughter instructions would be best served by remaining silent because, if convicted of manslaughter, he would then be able to challenge the conviction on statute of limitations grounds. (See, e.g., *People* v. *Morgan, supra,* 75 Cal.App.3d 32; *People* v. *Rose, supra,* 28 Cal.App.3d 415.) A rule that creates such a perverse set of incentives is untenable. As we have observed on many occasions, " '[o]ur courts are not gambling halls but forums for the discovery of truth.' [Citation.]" (*People* v. *Barton* (1995) 12 Cal.4th 186, 204 [47 Cal.Rptr.2d 569, 906 P.2d 531].) An express waiver rule not only licenses the parlor but encourages defendants to roll the dice.

Existing California criminal procedure provides ample means for a defendant to raise a statute of limitations defense should he desire to do so. If the

defense is apparent on the face of the accusatory pleading, the defendant should demur to the pleading. (See Pen. Code, § 1004, subd. 5 [demurrer to pleading that "contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution"]; Pen. Code, § 1012 [failure to demur constitutes waiver]; *People* v. *Ayhens* (1890) 85 Cal. 86, 89 [24 P. 635] [the term "other legal bar to the prosecution" in Pen. Code, § 1004, subd. 5, includes the bar of statutes of limitations].) If the defense is not apparent on the face of the accusatory pleading, the defendant can raise the defense in a number of different ways. By way of illustration, the defendant can request a pretrial hearing on the defense (*People* v. *Zamora*, *supra*, 18 Cal.3d at pp. 563-564 & fn. 25), he can request jury instructions on the defense, or he can object when the trial court proposes to instruct on a time-barred lesser offense.

My proposed holding that the statute of limitations in criminal cases is an affirmative defense, which is forfeited if a defendant fails to raise it before or at trial, represents a change in the prior rule that the statute can never be forfeited or waived. Therefore, I would not apply the holding to cases tried before our decision becomes final. (See *People* v. *Scott* (1994) 9 Cal.4th 331, 357-358 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) The holding would also call into question the appropriate allocation of the burden of proof. Since the burden of proof issue is not squarely presented in this case, I would allow the issue to develop in the lower courts. (See generally, *People* v. *Medina* (1990) 51 Cal.3d 870 [274 Cal.Rptr. 849, 799 P.2d 1282], affd. *sub nom.* *Medina* v. *California* (1992) 505 U.S. 437 [120 L.Ed.2d 353, 112 S.Ct. 2572].)

### III. CONCLUSION

For the reasons discussed above, I would allow Cowan to enter a no contest plea to voluntary manslaughter, subject to the forfeiture rule described above. Therefore, I would reverse the order of the Court of Appeal denying Cowan's petition for a writ of mandate and direct the Court of Appeal to issue a peremptory writ of mandate compelling the superior court to accept Cowan's no contest plea should he still desire to enter it.

Kennard, J., concurred.