KENNARD, J., Dissenting.
Defendant broke into his ex-girlfriend’s home and attacked both her and her new boyfriend. After his arrest, he wrote threatening letters to the victims. He entered a plea of no contest to charges of burglary, assault with a deadly weapon, and three other offenses not pertinent here, with the understanding that he would be sentenced to four years in total. The plea bargain said nothing about the count or counts forming the basis for the four-year sentence.
As relevant here, the trial court imposed a four-year prison sentence for the burglary and a concurrent three-year term for assault with a deadly weapon. On appeal, defendant argued that the trial court should have stayed the assault sentence under Penal Code section 654 (hereafter section 654), which bars multiple punishment for crimes “ ‘incident to one objective.’ ” (People v. Latimer (1993) 5 Cal.4th 1203, 1208 [23 Cal.Rptr.2d 144, 858 P.2d 611].) The Court of Appeal agreed, rejecting the Attorney General’s assertion that rule 412(b) of the California Rules of Court (hereafter rule *298 412(b)) barred defendant from raising the section 654 issue. Today, the majority reverses the Court of Appeal’s judgment, which I would uphold.
I
Rule 412(b) provides: “By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654’s prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record.” The accompanying comment by the Judicial Council’s Advisory Committee explains that the rule “is based on the fact that a defendant who, with the advice of counsel, expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct.’’'’ (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (1996 ed.) foll. rule 412(b), p. 8, italics added.)
Rule 412(b) is inapplicable here. Defendant is not trying to reduce his sentence below the four-year prison term specified in the plea bargain, nor does he challenge the propriety of that sentence. He merely seeks to correct the trial court’s error in not staying the three-year sentence for the assault with a deadly weapon. As defendant points out, that charge arose out of the same course of conduct as the burglary charge and therefore should have been stayed under section 654. The majority concedes (maj. opn., ante, at pp. 294-295) that a sentence in violation of section 654 is an “ ‘unauthorized’ sentence” (People v. Scott (1994) 9 Cal.4th 331, 354, fn. 17 [36 Cal.Rptr.2d 627, 885 P.2d 1040]) that generally may be corrected on appeal without an objection by the defendant in the trial court (People v. Perez (1979) 23 Cal.3d 545, 549-550, fn. 3 [153 Cal.Rptr. 40, 591 P.2d 63]).
Relying on rule 412(b), however, the majority holds that defendant’s plea bargain was an “implicit waiver” of the section 654 issue. (Maj. opn., ante, at p. 295.) I disagree. “[A] waiver is ‘an intentional relinquishment or abandonment of a known right or privilege.’ ” (People v. Panizzon (1996) 13 Cal.4th 68, 85 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; see also Cowan v. Superior Court (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438].) Here, there was nothing in the terms of defendant’s plea bargain that could be read as a waiver, express or implied, of his right to challenge the trial court’s violation of section 654. That violation occurred at sentencing, four weeks after defendant’s plea of no contest to the charges. When defendant entered his plea he had no reason to anticipate the trial court’s failure to stay the three-year sentence for the assault with a deadly weapon, as required under section 654.
*299 According to the majority: “Had defendant been truly surprised at the time of sentencing to find that concurrent terms were being imposed, his remedy would have been to attempt to withdraw his plea on the grounds of violation of the plea bargain.” (Maj. opn., ante, at p. 296.) As I noted earlier, defendant and the prosecutor agreed to a total sentence of four years, and that is what the trial court imposed. At no time during the appellate process has defendant contended that the court violated the plea bargain. Nor would such a challenge have been proper. As the comment to rule 412(b) states, by agreeing to a certain sentence under a plea bargain, a defendant acknowledges “that the term is appropriate for his or her total course of conduct.” (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules, supra, foll. rule 412(b), at p. 8.) Here, defendant challenges only the trial court’s improper imposition of a three-year concurrent sentence for the assault with a deadly weapon, a matter on which the plea agreement was silent. Had the agreement specified a stay of the assault sentence, defendant could and, to prevent application of the waiver doctrine, should have moved to withdraw his plea of no contest when instead of staying the assault sentence the trial court ordered it to be served concurrently. Because the plea bargain said nothing about the matter, defendant’s proper remedy was to raise the issue on appeal, as he has done.
II
For the reasons given above, I conclude that rule 412(b) does not apply in this case. Therefore, defendant has properly raised the section 654 issue on appeal. As I have explained, the trial court erred in not staying the three-year sentence for the assault with a deadly weapon, as required under section 654. (Staying that sentence would not affect the total of four years’ imprisonment under the plea bargain.)
I would affirm the judgment of the Court of Appeal.
Mosk, J., and Werdegar, J., concurred.
Appellant’s petition for a rehearing was denied April 12, 2000. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.