[No. A026163. First Dist., Div. Five. Mar. 5, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
OSCAR SERGIO AGUILAR, Defendant and Appellant.

COUNSEL

Ellen S. Schwarzenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LOW, P. J.—After his motion to suppress evidence pursuant to Penal Code section 1538.5 was denied, defendant pled guilty to transportation of methamphetamine (Health & Saf. Code, § 11379) and transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)). On appeal, he challenges the trial court order denying his motion to suppress. We affirm.

On the evening of December 21, 1982, San Jose Police Officers McCourtie and Hewitt saw defendant in a black Porsche abruptly change lanes without signaling. This traffic violation caused a near collision with another car. They stopped defendant's car to issue a citation. While Officer Hewitt, on the driver's side, asked defendant for his driver's license and Officer McCourtie surveyed the car's interior from the passenger side with a flashlight "for possible weapons," he saw a large half-full bottle of Riunite wine "in plain view" lying behind the front passenger seat. Defendant was then asked to step outside the car. Officer McCourtie entered the car to retrieve the bottle of wine. Once inside the car, he detected the odor of burning marijuana emanating from a "small burnt marijuana roach" resting on the

center console ashtray and more odor of sensimilla marijuana permeating throughout the vehicle. He traced this odor to a seven-by-nine-inch cardboard box sitting on the right rear seat. Officer McCourtie testified that the box was open with the tops folded down. A substantial quantity of marijuana was found in a large zip-lock plastic bag inside the box. The discovery of the marijuana led to defendant's arrest.

The primary contention in defendant's motion under Penal Code section 1538.5 was that the trial court was required to suppress all evidence relating to the "size, shape, condition, and smell" of the cardboard box that contained the incriminating zip-lock bag of marijuana. The cardboard box had been lost or destroyed by law enforcement authorities. Relying on *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], the defendant argued that since the authorities had failed to preserve the cardboard box for trial, *Hitch* required that the trial court impose the sanction of barring all testimony regarding its evidentiary significance in providing justification for the ensuing search.

The threshold question is whether defendant's assignment of *Hitch* error is properly preserved for appellate review. The recent case of *People* v. *Ahern* (1984) 157 Cal.App.3d 27 [204 Cal.Rptr. 11], refused to review alleged *Hitch* error on appeal from a judgment after a plea of guilty because a certificate of probable cause was not obtained after denial of defendant's motion to suppress.

The rationale offered in *Ahern* in support of its ruling was that the "rights addressed by *Hitch* and which *Hitch* seeks to protect are *Fifth* Amendment rights. [¶] A motion pursuant to section 1538.5 is addressed to rights protected by the Fourth Amendment and seeks to protect an individual against unreasonable searches and seizures." (*Id.*, at p. 32.) We believe that where a defendant seeks to suppress tangible fruits of a *Hitch* violation, Penal Code section 1538.5, subdivision (m) preserves the *Hitch* issue for appellate review. Sound judicial policy persuades us to reach the substantive issues presented by defendant in this appeal.

In *Hitch,* the California Supreme Court held that the Fourteenth Amendment due process obligation of the state to disclose material evidence favorable to the defense placed upon the state the correlative duty to undertake reasonable efforts to preserve such evidence in its possession. (*People* v. *Hitch, supra,* 12 Cal.3d at p. 650; accord *People* v. *Nation* (1980) 26 Cal.3d 169, 175 [161 Cal.Rptr. 299, 604 P.2d 1051].) Evidence need only be preserved if it possesses "an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably avail-

able means." (*California* v. *Trombetta* (1984) — U.S. —, — [81 L.Ed.2d 413, 422, 104 S.Ct. 2528, 2534].) The California Supreme Court has also recognized that "evidence lost to the defense because of its destruction by the authorities will be deemed material for the purpose of . . . the due process concerns of *Hitch* if there is a reasonable possibility that it would be favorable to the defendant on the issue of guilt or innocence." (*People* v. *Nation, supra,* at p. 176.)

Defendant suggests that the materiality of the cardboard box is demonstrated because it bears directly upon a conflict between the testimony of the police and the testimony of the defendant. At the evidentiary hearing conducted by the trial court on defendant's motion to suppress, defendant testified that the cardboard box was securely sealed with duct tape at the time it was seized by the police. Officer McCourtie testified that when he seized the cardboard box, it had been opened and the tops had been folded down. Defendant asserts that "[i]f the box were available for analysis, this conflict in the testimony would have been resolved." As the trial court astutely pointed out: "[W]hat would we learn in this case if the box were produced in court? Obviously the box would have been opened because the police extracted the marijuana. That wouldn't resolve whether it was open or not open when the car was stopped." (Compare *People* v. *Swearingen* (1978) 84 Cal.App.3d 570 [148 Cal.Rptr. 755].)

The cardboard box did not possess "an exculpatory value that was apparent before the evidence was destroyed." (*California* v. *Trombetta, supra,* — U.S. —, — [81 L.Ed.2d 413, 422, 104 S.Ct. 2528, 2534].) Therefore, the loss or destruction of this evidence while in police custody does not impinge on defendant's Fourteenth Amendment due process rights, and defendant's motion to suppress was properly denied by the trial court.

■ We further conclude that the opening of defendant's wallet and seizure of methamphetamine were justified as a search for contraband incident to defendant's lawful, custodial arrest. (See *New York* v. *Belton* (1981) 453 U.S. 454, 462-463 [69 L.Ed.2d 768, 776-777, 101 S.Ct. 2860]; *People* v. *Superior Court (Simon)* (1972) 7 Cal.3d 186, 201 [101 Cal.Rptr. 837, 496 P.2d 1205].)

The officers had discovered a half-full bottle of wine, a partially smoked marijuana cigarette, and a cardboard box containing a substantial quantity of sensimilla marijuana at the time defendant was placed under arrest. Under these circumstances, the officers were afforded ample justification to conduct a search of defendant's person for additional contraband incident to his lawful arrest.

Affirmed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied March 29, 1985.