[No. A034628. First Dist., Div. One. Aug. 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE R. WAKEFIELD, Defendant and Appellant.

**68**

**COUNSEL**

Joan Isserlis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Donna B. Chew, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—Defendant Johnnie R. Wakefield (Wakefield) was charged by information, following his preliminary examination before a magistrate, with second degree burglary, and that he had four times been convicted of unrelated felonies (three for burglary and one for grand theft) for which he had served prison terms. In the superior court he made a *Hitch* (*People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361]) motion which was denied. As part of a plea bargain he thereupon pleaded guilty to second degree burglary and admitted one prior felony conviction and prison term. Having been unable to obtain a certificate of probable cause, he nonetheless appeals from the judgment which was entered on his guilty plea and admission.

We shall dismiss the appeal for the reasons we now state.

■ We consider the appealability of the judgment from which Wakefield purports to appeal.

*Hitch* (12 Cal.3d at p. 645) reiterated the rule that "the intentional suppression of material evidence favorable to a defendant . . . , irrespective of

the good faith or bad faith of the prosecution," is a violation of due process as guaranteed by the *Fifth* Amendment.

But answering the complaint of an appealing defendant who claimed that his *Fifth Amendment* rights had been violated by the superior court's Penal Code section 1538.5 ruling, the high court said that: "Defendant also sought suppression on the independent basis that his Fifth Amendment right against self-incrimination had been violated. This claim cannot be the basis of a section 1538.5 motion, since section 1538.5 is limited to search and seizure issues." (*People* v. *Campa* (1984) 36 Cal.3d 870, 885 [206 Cal.Rptr. 114, 686 P.2d 634]; and to the same effect see *People* v. *Superior Court* (*Zolnay*) (1975) 15 Cal.3d 729, 733 [125 Cal.Rptr. 798, 542 P.2d 1390]; *People* v. *Gale* (1973) 9 Cal.3d 788, 793 [108 Cal.Rptr. 852, 511 P.2d 1204]; *People* v. *Superior Court* (*Smith*) (1969) 70 Cal.2d 123, 128 [74 Cal.Rptr 294, 449 P.2d 230].)

We state the *uncontroverted* factual-procedural context of the case as material to the appeal.

A San Francisco restaurant had been burglarized and it was reported to the police. A police criminologist found and "lifted" from the restaurant's cash register a latent fingerprint of Wakefield's finger. Its appearance there was unexplained by the defense. The fingerprint was the subject of Wakefield's *Hitch* motion. The cash register, or the surface from which the fingerprint had been lifted, had not been seized from its owner and preserved by the police.

No objection had been made by Wakefield to the fingerprint evidence at his preliminary examination. It was not until just before his case was to be tried in the superior court that his attorney for the first time moved, under Penal Code section 1538.5, "that the case be dismissed, that the fingerprint evidence be suppressed, or that the jury be given an instruction with respect to the fingerprint evidence favorable to [Wakefield.]" In support of his motion Wakefield produced a "criminalist" witness who testified that the People's fingerprint evidence may have been *forged,* i.e., that the fingerprint "lift" *may* have been taken from some source other than the cash register of the burglary victim.

Wakefield's *Hitch* motion was denied by the superior court. He thereupon entered into the above noted plea bargain, and pleaded guilty. Judgment was entered, under which he was sentenced to the upper term for second degree burglary with a one-year enhancement.

This appeal was thereupon taken from the judgment.

The *Hitch* motion patently concerned *the issue* of Wakefield's guilt or innocence. "Fingerprint evidence is the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant." (*People* v. *Gardner* (1969) 71 Cal.2d 843, 849 [79 Cal.Rptr. 743, 457 P.2d 575].)

It has long been the rule that where an issue relates solely to the defendant's guilt or innocence, such an issue is removed by a guilty plea. And: " 'A judgment entered upon a plea of guilty is not appealable on the merits, and irregularities not going to jurisdiction or to the legality of the proceedings will not be reviewed. . . .' " (*People* v. *Howard* (1976) 55 Cal.App.3d 373, 376 [127 Cal.Rptr. 557].)

*People* v. *Halstead* (1985) 175 Cal.App.3d 772, 777, 778 [221 Cal.Rptr. 71]: " 'The issuance of a certificate of probable cause pursuant to section 1237.5 does not operate to expand the grounds upon which an appeal may be taken . . . .' . . . [¶] 'A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations.' . . . Because of these implications, on an appeal following a guilty plea, 'A defendant . . . can raise only those questions which go to the power of the state to try him despite his guilt. In other words, in the language of the statute, defendant can only raise "grounds going to the legality of the proceedings." [Citation]' . . . What may not be appealed are 'issues relating to [a defendant's] guilt or to the procedure which would otherwise be required to establish his guilt.' . . . What may be appealed are claims, 'which, if true, would preclude the state from prosecuting [a defendant] despite his guilt.' "

*People* v. *Ahern* (1984) 157 Cal.App.3d 27, 32-33 [204 Cal.Rptr. 11]: ". . . *Hitch* is a due process case. The rights addressed by *Hitch* and which *Hitch* seeks to protect are *Fifth* Amendment rights. A motion pursuant to section 1538.5 is addressed to rights protected by the Fourth Amendment and seeks to protect an individual against unreasonable searches and seizures. . . . 'Section 1538.5 "can be properly employed only to shield a defendant from Fourth Amendment violations; it has no part in protecting against Fifth Amendment infringements . . . ." ' . . . At a section 1538.5 motion the court is not concerned with the issue of a defendant's guilt or innocence but rather whether the search comports with Fourth Amendment protections. *Hitch,* however, is concerned with the issue of guilt or innocence only. *Hitch* seeks to protect from destruction *evidence* which is material on the issue of guilt or innocence. . . ."

*People* v. *Galan* (1985) 163 Cal.App.3d 786, 796 [209 Cal.Rptr. 837]: "It is widely recognized that the so-called *Hitch* issue cannot be raised on appeal pursuant to section 1538.5, after the defendant pled guilty to the charge or charges contained in the information. This is so because *Hitch* is a due process case and protects Fifth Amendment rights while the rights addressed by section 1538.5 are Fourth Amendment rights seeking to safeguard individuals against unreasonable searches and seizures. . . . Furthermore, the motion under section 1538.5 is one 'in the nature of a proceeding . . .' which is directed 'to the legality of specific items of evidence obtained by a search and seizure.' . . . As a consequence '[t]he special statutory procedure of section 1538.5, including the provisions of subdivision (m) allowing an appeal after a guilty plea, is not applicable to other kinds of pretrial rulings.' "

Under the foregoing authority we hold that the judgment entered upon Wakefield's guilty plea was *not* appealable.

We were unpersuaded to the contrary by the authority relied upon by Wakefield: *People* v. *Swearingen* (1978) 84 Cal.App.3d 570 [148 Cal.Rptr. 755], and *People* v. *Aguilar* (1985) 165 Cal.App.3d 221 [211 Cal.Rptr. 333], *People* v. *Bonwit* (1985) 173 Cal.App.3d 828 [219 Cal.Rptr. 297], and *People* v. *Vera* (1976) 62 Cal.App.3d 293 [132 Cal.Rptr. 817]. *Swearingen* and *Aguilar* concerned the claimed invalid search for, and seizure of, marijuana, and its unavailability for the trial; it therefore related to both the Fourth *and* Fifth Amendments. The *Bonwit* court held, as we do here, that a judgment on a guilty plea following an adverse Fifth Amendment *Hitch* ruling is *not* appealable, but nevertheless allowed withdrawal of the defendant's guilty plea for a misunderstanding of his right to appeal. And in *Vera* we discern no issue of an adverse *Hitch* order's *appealability*; the point was apparently unraised and unconsidered. Reviewing courts' " 'cases, of course, are not authority for propositions not there considered.' " (*People* v. *Belleci* (1979) 24 Cal.3d 879, 888 [157 Cal.Rptr. 503, 598 P.2d 473].)

Moreover, we note that Wakefield's "criminalist" witness opined that the fingerprint, which the police officer testified was lifted from the burglary victim's cash register, was in fact the fingerprint of Wakefield. And in his 18 years of experience the witness had never encountered a *forged* fingerprint, nor had any other expert that he knew. And he had heard of only *one* such case; it was mentioned in the "literature."

And we observe that in *Vera* (*People* v. *Vera, supra,* 62 Cal.App.3d 293, 301), the reviewing court found *not* "a scintilla of evidence to support such a serious attack on the [police] witness' credibility." The same must reasonably be said of the case before us.

It becomes unnecessary to consider the contentions of Wakefield's appeal.

The appeal is dismissed.

Holmdahl, J., and Rushing, J.,* concurred.

On September 16, 1987, the opinion was modified to read as printed above.

---

* Assigned by the Chairperson of the Judicial Council.