Filed 8/14/14  P. v. Dunham CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058891 |
| v. | (Super.Ct.No. SICRF1254029) |
| RYAN WILLIAM DUNHAM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Inyo County.  Brian J. Lamb, Judge.

Affirmed.

Jessica C. Butterick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a guilty plea, defendant and appellant Ryan William Dunham was convicted of one count of vehicle theft with a prior (Pen. Code,[1] § 666.5), and admitted four prison priors (§ 667.5, subd. (b)). Pursuant to the plea agreement, the prosecutor dismissed counts 2 and 3 of the complaint, as well as the prior strike allegation. Defendant was sentenced to eight years in county jail, including four years on count 1 (upper term), and one year for each of his four prison priors.

Defendant contends that the trial court committed error in denying his motion to suppress evidence under section 1538.5, as well as his motion to dismiss the complaint under section 995. As to the denial of the section 1538.5 motion to suppress, we find that there was substantial evidence and probable cause to support the officer's stop. His appeal of the denial of the section 995 motion that was made on the grounds of sufficiency of the evidence is not well taken, as defendant admitted every element of the count charged against him by entering into a plea agreement. For the reasons further explained *post*, the judgment is affirmed.

# I

# FACTUAL BACKGROUND

On December 11, 2012, the Inyo County District Attorney filed a three-count information charging defendant with vehicle theft with a prior, and two counts of receipt of stolen property. It was further alleged as to all counts that defendant served four

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

prison priors (§ 667.5, subd. (b)), and a prior strike conviction (§§ 1170.12, subds. (a)-(d), & 667, subds. (b)-(i)). On January 18, 2013, defendant filed a motion to suppress evidence (§ 1538.5), and a separate motion to set aside the information (§ 995).

Defendant's motion to set aside the information was based upon the testimony of the officer from the preliminary hearing. The officer testified that at the initial stop of the vehicle, he contacted the codefendant driver and defendant, sitting in the front passenger seat. Defendant was the only licensed driver in the vehicle. On running a records check, the officer learned that the vehicle had been reported stolen. The initial stop had occurred in Bishop, California; several hours' drive from the location from where the vehicle and the other property found in the vehicle was stolen. The officer found other stolen property, including an unconnected subwoofer, a vehicle registration card for a different vehicle, a school identification card, and a check from Lancaster Baptist Church to California Quarry Products in the amount of $3,534.38.[2] On February 28, 2013, the trial court denied the motion to set aside the information, based solely on evidence from the preliminary hearing.

At the motion to suppress evidence, the officer testified as to his observations of defendant and codefendant on July 26, 2012. While on duty, the officer observed a crack on the front windshield of the vehicle, extending from the bottom of the windshield up, about halfway, and curved toward the center of the windshield. While he did not know if

---

[2] Defendant states that the amount of the check was $2,524.38. However, the reporter's transcript references the amount as $3,534.38.

the crack in fact did obscure codefendant driver's vision, from his training he believed that based upon the size of the crack, the time of day, and the angle, that the crack could distract or block the driver's vision. Following the stop, he did not conduct any tests to confirm if the crack actually did impair the driver's vision.

On February 21, 2013, the trial court denied the motion to suppress. The trial court found the following specific evidence supported denial of the Penal Code section 1538.5 motion: (1) the officer expressed a stop based upon his personal observation of a large crack in the front windshield of the vehicle being driven by codefendant, of which defendant was a front seat passenger; (2) the officer described the crack as going halfway up the windshield on the passenger side, and curving toward the center; (3) the officer expressed a belief that the crack could have impaired the driver's vision, a violation of Vehicle Code section 26710. The crack, as described, was found to have supported the reasonable inference that the defective condition could or would impair the driver's vision to the front. The trial court concluded that the police officer had a reasonable suspicion that the condition of the windshield was so defective as to impair the driver's vision. The trial court concluded that the observed crack supported the traffic stop, even if on closer examination it could be determined that the crack did not support a violation of the Vehicle Code.

On March 8, 2013, defendant pled guilty to one count of vehicle theft with prior. (§ 666.5.) As part of the plea bargain, counts 2 and 3, as well as the prior strike allegation were dismissed. On the record, the trial court addressed the terms of the plea

4

bargain with defendant before accepting the agreement. Defendant stated that he understood the terms of the agreement, and he did not have any questions about it. Defendant advised the court that he had signed the written agreement, and he was confident he understood the pending charges, the rights in the proceeding, and the consequences of the conviction. Defendant had initialed in his plea agreement that no other promises had been made to him except for what was set forth in his agreement. Following those affirmations, the trial court entered judgment.

On May 28, 2013, defendant filed a timely notice of appeal.

## II

## ANALYSIS

*a. The Suppression Motion*

Defendant contends that the traffic stop was not justified because the officer could not reasonably infer the possibility of an impaired-vision Vehicle Code violation from his brief observation at a distance behind defendant's vehicle of a crack in the middle of the windshield.

There is a two-step analysis to determining whether a traffic stop was justified under constitutional principles. First, the trial court's ruling on a motion to suppress is reviewed for substantial evidence. (*People v. Glaser* (1995) 11 Cal.4th 354, 362 (*Glaser*).) This court defers to the trial court's factual findings, both express and implied, where supported by substantial evidence. (*Ibid.*) On appeal we do not reweigh the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, or draw

5

factual inferences. (*People v. Leyba* (1981) 29 Cal.3d 591, 596-597 (*Leyba*).) Second, if it is determined that there is substantial evidence to support the findings of the trial court, the reviewing court exercises its independent judgment to determine whether the search or seizure was reasonable under the Fourth Amendment. (*Glaser*, at p. 362; *Leyba*, at pp. 596-597.)

"The constitutional principle in this case is that a 'detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' " (*People v. Logsdon* (2008) 164 Cal.App.4th 741, 744 (*Logsdon*), citing *People v. Souza* (1994) 9 Cal.4th 224, 231.) The same standard applies in the case of a suspected Vehicle Code violation. (*People v. Superior Court of Los Angeles County* (*Simon*) (1972) 7 Cal.3d 186, 200, superseded by statute on other grounds as stated in *People v. Castaneda* (1995) 35 Cal.App.4th 1222, 1229.) For purposes of evaluating the legality of a traffic stop, we look at whether there were facts to support an objective manifestation of the potential for a Vehicle Code violation, not whether after the fact there was actually a violation. (*Logsdon*, at p. 746.) As applied to this case, we must uphold the trial court's denial of the suppression motion if the officer's brief observation of the cracked windshield from behind as the vehicles were moving provided "specific articulable facts" that the crack may have impaired codefendant's vision while driving.

6

There is no question that the officer's testimony regarding his observation of the windshield crack provided substantial evidence to support the trial court's finding that a Vehicle Code violation occurred. (See *Glaser*, *supra*, 11 Cal.4th at p. 362.) Turning to the specific articulable facts and circumstances in this case, the officer was driving directly behind and to the left of defendant's car. From his vantage point, the officer clearly observed a crack that extended from the bottom of the windshield halfway up the windshield on the passenger side, and curved toward the center. The crack was therefore in the middle of the driver's field of vision rather than along an edge. Based on his training and experience, the officer believed that the crack could have impaired the driver's vision. (Veh. Code, § 26710). In particular, the crack had the potential to impair the driver's view toward the passenger side of the vehicle, for example, if there were a pedestrian or vehicle entering the roadway from that direction. The characteristics of the crack that the officer described at the hearing on the motion to suppress support the inference that at the time of the stop, the officer's belief that there was a probable Vehicle Code violation was reasonable. Thus, the officer could reasonably infer from his brief observation at a distance behind defendant's vehicle of a crack in the middle of defendant's windshield—specific articulable facts—that codefendant's vision may have been impaired by the crack. These specific, articulable observations reasonably supported the officer's belief that there might be a Vehicle Code violation justifying detention of defendant's car.

Defendant contends evidence was presented that the crack might not have actually impaired the codefendant's vision. Whether the crack actually impaired the codefendant's vision is immaterial to our consideration, as the issue as to whether the stop was reasonable turns on what is observed by the officer prior to the stop. (*Leyba*, *supra*, 29 Cal.3d at pp. 596-597.) The case of *People v. White* (2003) 107 Cal.App.4th 636 is distinguishable. In that case, there was no officer testimony as to a belief that the tree-shaped air freshener could have impaired the vision of the driver. (*Id.* at pp. 642-643.) The officer also never testified as to other specific facts indicating that the driver's field of view was obstructed. (*Ibid.*) That is not the case here. The officer here testified that the field of vision would have been impaired by the windshield crack making it difficult to see a car or pedestrian coming from the right of the vehicle.

As the officer could reasonably infer from specific articulable facts that there was a possible violation of Vehicle Code section 26710, the traffic stop was justified. Therefore, the motion to suppress was properly denied.

### b. *Defendant's Section 995 Motion*

Defendant contends that he is entitled to argue the merits of a motion made for insufficiency of the evidence in all counts against him following a guilty plea.

Appellate review of pre-plea errors following a guilty plea is limited to issues involving jurisdictional, constitutional, or other legal issues. (§ 1237.5, subd. (a); see also *People v. Kaanehe* (1977) 19 Cal.3d 1, 9 (*Kaanehe*).) A defendant "who has admitted the sufficiency of the evidence by pleading guilty or nolo contendere is not

8

entitled to appellate review of the order denying his motion under Penal Code section 995 on the ground that he was committed without reasonable or probable cause." (*People v. Padfield* (1982) 136 Cal.App.3d 218, 227 (*Padfield*), italics omitted; see also *People v. Hoffard* (1995) 10 Cal.4th 1170, 1177.) The *Padfield* Court further noted that "[h]aving admitted the sufficiency of that evidence by his plea, he cannot now challenge it with a forked tongue on appeal. In short, a defendant 'cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 . . . .'" (*Padfield*, at p. 227.) Defenses or contentions that go to the sufficiency of the evidence, or other claims about the merits of the people's case against an accused are waived upon entering a guilty plea. (*People v. Bonwit* (1985) 173 Cal.App.3d 828, 832; see also *Kaanehe*, at p. 9.) Thus, while in certain circumstances an appeal may lie for denial of a section 995 motion following a guilty plea, a denial of a motion made based upon insufficiency of the evidence is not one of them.

In this case, defendant's underlying section 995 motion alleged two separate grounds: as to count 1, that the prosecution failed to establish all elements of the charge, because defendant was merely a passenger in the vehicle and there was insufficient evidence that he had knowledge that the vehicle was stolen; and as to counts 2 and 3, that the prosecution failed to establish all elements of the charges. Furthermore, defendant did not argue illegality of search as a basis for his section 995 motion. Defendant's argument regarding insufficiency of the evidence as to count 1 goes to the merits of the count of vehicle theft, an argument he cannot make on appeal because he pled guilty.

9

Therefore, appeal of the denial of defendant's section 995 motion is not a remedy available to defendant here, and we affirm the conviction of vehicle theft with prior based on defendant's plea to that count.

Defendant contends that the trial court had issued a certificate of probable cause based in part on his appeal of the denial of the section 995 motion, thereby making the denial of that motion an appealable order. Section 1237.5 provides a procedural limitation on the scope of appeals, requiring a certificate of probable cause as a necessary step. "The issuance of a certificate of probable cause pursuant to section 1237.5 does not operate to expand the grounds upon which an appeal may be taken . . . ." (*People v. De Vaughn* (1977) 18 Cal.3d 889, 896.) Accordingly, the mention of the denial of the section 995 motion on the executed certificate of probable cause does not create jurisdiction to review an issue where there is none by operation of law following a guilty plea.

Defendant cited *People v. Schoennauer* (1980) 103 Cal.App.3d 398 and *People v. Torres* (2010) 188 Cal.App.4th 775 for the proposition that an appeal may be taken from a denial of a section 995 motion after a guilty plea. However, in both of those cases, the defendants' underlying section 995 motions were made on the grounds of an illegal search, not merely insufficiency of the evidence. (*People v. Torres*, at p. 782; *People v. Schoennauer*, at p. 404.) The cases are not applicable.

10

*c. Defendant's Claim Of Attorney Error*

Defendant contends that his attorney advised him that he could appeal the merits of his conviction following a guilty plea and, if this was misadvisement of the law, he should be permitted to withdraw the plea.

California law does not permit withdrawal of a guilty plea based solely upon a misstatement of the law by defendant's attorney. Rather, there must be a misstatement or misrepresentation by a judicial officer or other responsible officer of the state upon which the criminal defendant relies in good faith, which operates to preclude the exercise and free will on the part of the defendant for a withdrawal of his guilty plea. (*People v. Butler* (1945) 70 Cal.App.2d 553, 561; *People v. Rose* (1959) 171 Cal.App.2d 171, 172; *People v. Thurman* (2007) 157 Cal.App.4th 36, 42-43 [Fourth Dist., Div. Two].)

Here, defendant merely cites to the misadvisement by his trial counsel as to the appealability of the denial of the section 995 motion as the basis why the Court should entertain the appeal of the denial of his section 995 motion. Upon questioning by the trial court, defendant affirmed that he had signed the written agreement and that he was confident he understood the pending charges, the rights in the proceeding, and the consequences of the conviction. Defendant had initialed in his plea agreement that no other promises had been made to him except what was set forth in his agreement. There are no grounds for allowing the defendant to withdraw his plea on remand.

Although not alleged by defendant here, ineffective assistance of counsel could constitute a ground for withdrawal of a guilty plea. (*In re Brown* (1973) 9 Cal.3d 679,

11

682, fn. 7, distinguished on other grounds as stated in *People v. Mendez* (1999) 19 Cal.4th 1084, 1103-1104.) Even if this had been alleged, such an argument would not have prevailed in this case. Defendant does not argue that his counsel failed to argue a theory that he wanted; rather, defendant seeks a further bite at the apple on an argument specifically made by his trial counsel in his section 995 motion. Evidence was presented and evaluated on the motion, and after losing the battle in the trial court defendant pled guilty, waiving the argument that the elements of all counts were not met. (*People v. Marlin* (2004) 124 Cal.App.4th 559, 567.) As there was no failure of defendant's counsel to make an argument that defendant believes should have been made at the trial court level, had defendant made the argument of ineffective assistance of counsel, that argument would fail.

### III

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

MILLER
J.

12