Filed 6/22/15  P. v. Valdez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B256852 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA125399) |
| JOANN GALVAN VALDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori A. Fournier, Judge.  Affirmed as modified with directions.

Tom Stanley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Joann Galvan Valdez, appeals after pleading no contest to transportation or sale of: heroin (Health & Saf. Code, § 11352, subd. (a))[1]; marijuana (§ 11360, subd. (a)); and methamphetamine (§ 11379, subd. (a)). Defendant admitted the truth of a prior conviction allegation within the meaning of Penal Code sections 667, subdivision (e)(1), and 1170.12, subdivision (c)(1). She received a 10-year state prison sentence. We modify the oral pronouncement of judgment and direct that the abstract of judgment be amended. We affirm the judgment in all other respects.

# II. DISCUSSION

## A. Defendant's Evidentiary Motions

Testimony at the preliminary and suppression hearings consistently established the following. Officer Brian Corletto initiated a traffic stop of defendant after she made an unsafe right turn without signaling. Officer Joie Tinajero arrived in a separate police car and proceeded to assist Officer Corletto. Both officers smelled marijuana in defendant's Chevrolet Colorado. The officers searched defendant's Chevrolet and discovered the heroin, marijuana and methamphetamine.

Defendant's theory of the case was that Officer Tinajero was in the police car *with* Officer Corletto when they initiated the traffic stop. Moreover, according to defendant, the stop was motivated not by a traffic violation but by Officer Tinajero's personal vendetta against her. And this personal vendetta arose after defendant's husband had a sexual affair with Officer Tinajero's fiancé.

---

[1] Further statutory references are to the Health and Safety Code except where otherwise noted.

Defendant brought three motions involving the admission or disclosure of evidence. First, defendant sought to suppress evidence under Penal Code section 1538.5, subdivision (a). Defendant challenged the search of her Chevrolet and her subsequent arrest on the sole ground that both actions were conducted without a warrant. The suppression of evidence motion was denied. Second, defendant brought a motion for pretrial disclosure of materials including both police officers' personnel records. The trial court denied the motion, finding no good cause was present to warrant holding an in-camera hearing. Third, defendant filed a motion to exclude evidence on grounds the Whittier Police Department failed to preserve dispatch records. According to defendant, the dispatch records would have shown which police cars Officers Corletto and Tinajero were driving on the day defendant was arrested. Also, defendant asserted the records would have revealed how the two officers were dispatched to the scene of her arrest. The trial court denied that motion as well. The trial court found: there was no willful destruction of evidence; there was no bad faith; and, even if the dispatch records would have shown the two officers were in one police car, that evidence was not clearly material or exculpatory.

On appeal, defendant argues, ". . . [I]t [was] error to deny [defendant's] motion to suppress evidence pursuant to Penal Code section 1538.5 on the basis that the failure of the prosecution to preserve necessary dispatch records denied [defendant] her statutory and constitutional right to a fair hearing on her motion to suppress the evidence[.]" The Courts of Appeal have repeatedly held that the failure to preserve evidence material to innocence or guilt cannot be raised on appeal from a guilty plea. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1576 [failure to preserve box found in truck]; *People v. Lopez* (1988) 198 Cal.App.3d 135, 141-142 [material witnesses unavailable due to state action]; *People v. Wakefield* (1987) 194 Cal.App.3d 67, 68-71 [surface from which fingerprint lifted not seized and preserved]; *People v. Halstead* (1985) 175 Cal.App.3d 772, 777-782 [sheriff's department failed to preserve physical evidence]; *People v. Bonwit* (1985) 173 Cal.App.3d 828, 831-833 [informant's tape recordings of telephone conversations with defendant destroyed]; *People v. Galan* (1985) 163 Cal.App.3d 786,

796 [police tape recording of anonymous informer's telephone call destroyed]; *People v. Ahern* (1984) 157 Cal.App.3d 27, 32-33 [failure to preserve surveillance notes]; see *People v. Head* (1994) 30 Cal.App.4th 954, 960-961; but see *People v. Aguilar* (1985) 165 Cal.App.3d 221, 224.) This is because the loss or destruction of evidence that might have been helpful to the defense implicates a Fifth Amendment due process right. The loss or destruction of evidence does not implicate the Fourth Amendment right to be free from unreasonable searches and seizures. (*People v. Avalos, supra,* 47 Cal.App.4th at p. 1576; *People v. Head, supra,* 30 Cal.App.4th at pp. 960-961; *People v. Ahern, supra,* 157 Cal.App.3d at pp. 32-33; *People v. Galan, supra,* 163 Cal.App.3d at p. 796.) Moreover, the state's failure to preserve evidence relates to the defendant's guilt or innocence, an issue that is waived by a guilty plea. (*People v. Avalos, supra,* 47 Cal.App.4th at p. 1576; *People v. Head, supra,* 30 Cal.App.4th at pp. 960-961; *People v. Lopez, supra,* 198 Cal.App.3d at p. 142; *People v. Bonwit, supra,* 173 Cal.App.3d at pp. 831-833.)

## B. Sentencing Issues

Defendant executed a "Felony Advisement of Rights, Waiver, and Plea Form" acknowledging, among other things, that she would be ordered to pay restitution, statutory fees and assessments. When she pled no contest, defendant acknowledged she: had executed the form; understood all of the rights and consequences contained in the form; and had ample opportunity to discuss it with her attorney, Jose Romero. Prior to accepting defendant's plea, the trial court reviewed the terms of the parties' agreement: "The Court: The People have offered in exchange for a plea to count[s] 1, 3 and 5 an admission to your strike the ten years in state prison. [¶] Is that your understanding? [¶] The Defendant: Yes. [¶] The Court: Do you understand the maximum time you could receive just for those charges is 14 years in state prison? [¶] The Defendant: Yes." Prior to accepting defendant's plea, the trial court also advised: "There are some fines and fees that I have to impose. . . . $280 to the victim restitution fund, a $40 court

4

operations assessment fee and a $30 criminal conviction fee. [¶] I am going to impose and stay a $280 parole revocation fine." Upon sentencing defendant, the trial court imposed a: $300 restitution fine (Pen Code, § 1202.4, subd. (b)); $300 parole revocation restitution fine (Pen. Code, § 1202.45); $40 court operations assessment (§ 1465.8, subd. (a)(1)); and $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)); and $50 criminal laboratory analysis fee (§ 11372.5, subd.(a)). Defendant did not object to any of the fines or assessments.

We asked the parties to brief the following sentencing issues. First, the trial court orally imposed a $30 court facilities assessment (Gov. Code, § 70373, subd (a)(1)) and a $40 court operations assessment. (Pen. Code, § 1465.8, subd. (a)(1).) But the trial court failed to orally impose those assessments *as to each count.* The oral pronouncement of judgment must be modified to so provide. (*People v. Rosales* (2014) 222 Cal.App.4th 1254, 1263; *People v. Sencion* (2012) 211 Cal.App.4th 480, 483-485.) The abstract of judgment is correct in this regard and need not be amended. Second, the trial court orally imposed a single $50 criminal laboratory analysis fee. (§ 11372.5, subd. (a)). But defendant was subject to the fee on both counts 1 and 3, violations of sections 11352, subdivision (a) and 11379, subdivision (a) respectively. (§ 11372.5, subd. (a) ["for each separate offense"]; *People v. Valencia* (2014) 226 Cal.App.4th 326, 330.) The trial court also failed to orally impose mandatory penalties and a surcharge. Each $50 criminal laboratory analysis fee is subject to a: $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); $15 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The oral pronouncement of judgment must be modified to so provide. In addition, the abstract of judgment must be amended to reflect the foregoing fees on both counts, penalties and surcharges. (*People v. Valencia, supra,* 226 Cal.App.4th at p. 330; *People v. Hong* (1998) 64 Cal.App.4th 1071, 1085.) Imposition of the foregoing statutorily

5

mandated assessments, fees on both counts, penalties and surcharges totaling $420 does not violate defendant's plea bargain. (*People v. Villalobos* (2012) 54 Cal.4th 177, 180-186; *People v. Cruz* (2013) 219 Cal.App.4th 61, 64-66.)

## III. DISPOSITION

The oral pronouncement of judgment is modified to impose $30 court facilities (Gov. Code, § 70373, subd. (a)(1)) and $40 court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)) as to each count. The judgment is further modified to impose a $50 criminal laboratory analysis fees (Health & Saf. Code, § 11372.5 subd. (a)) on both counts 1 and 3 together with, as to each count a: $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); $15 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The judgment is affirmed in all other respects. Upon remittitur issuance, the superior court clerk is to prepare an amended abstract of judgment that includes the criminal laboratory analysis fees together with the penalties and surcharges and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:



MOSK, J.                KRIEGLER, J.

6