Filed 11/16/23  P. v. Andino CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ISAIAH ANDINO, Defendant and Appellant. | B327580 (Los Angeles County Super. Ct. No. NA110517) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, and Isaiah Andino, pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Isaiah Andino appeals from the judgment of conviction following his plea of no contest.  He was charged with five counts of forcible oral copulation (Pen. Code,[1] § 288a, subd. (c)(2)(A); counts 1, 4, 6, 9, and 12), ten counts of kidnapping to commit another crime (§ 209, subd. (b)(1); counts 2, 7, 10, and 15 through 21), five counts of second degree robbery (§ 211; counts 3, 5, 8, 11, and 14), and one count of forcible rape (§ 261, subd. (a)(2); count 13).  As to all counts, it was alleged that defendant personally used a firearm (§ 12022.53, subd. (b)).  As to counts 12, 13, 14, 20, and 21, it was alleged defendant had been convicted of a serious or violent felony (§§ 667, subd. (d); 1170.12, subd. (b)).  As to counts 1, 4, 6, 9, 12, and 13, it was further alleged that defendant kidnapped the victims by movement which substantially increased the risk of harm to the victims over and above that necessarily inherent in the underlying offense (§ 667.61, subd. (d)(2)).  As to the same counts, two circumstances in aggravation were alleged: (1) defendant had engaged in violent conduct that indicated a serious danger to society; and (2) defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings were numerous or of increasing seriousness.  (Cal. Rules of Court, rule 4.421(b)(1)-(2).)

Pursuant to a plea bargain, defendant pled no contest to five counts of forcible oral copulation (§ 288a, subd. (c)(2)(A); counts 1, 4, 6, 9, and 12).  Defendant admitted a prior strike allegation for purposes of imposing the high term on counts 1 and 4, but not for the purpose of doubling his sentence.  Defendant also admitted to the circumstances in aggravation (Cal. Rules of Court, rule 4.421(b)(1) and (2)) as to counts 1, 4, 6, 9, and 12.  In exchange, he

---

[1]      All further statutory references are to the Penal Code unless otherwise stated.

was sentenced to 28 years in state prison and the remaining counts were dismissed.

After reviewing the record, defendant's court-appointed counsel filed an opening brief requesting that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On August 9, 2023, we informed defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. On August 15, 2023, defendant filed a supplemental brief in which he challenges the sufficiency of the evidence in count 1 and requested this court "to look into the Long Beach police misconduct in the way they handled the evidence in this case."

We have reviewed the record and are satisfied that no arguable issues exist. With respect to defendant's supplemental brief, we note that his no contest plea constituted an admission of every element of the offense and precludes any challenge to the evidence, including its sufficiency or admissibility, on appeal. (See *People v. DeVaughn* (1977) 18 Cal.3d 889, 895–896; *People v. Wakefield* (1987) 194 Cal.App.3d 67, 69–71; *People v. Turner* (1985) 171 Cal.App.3d 116, 126.) We also reject defendant's contention that the police engaged in misconduct as he offers no legal basis, nor can we find any, for his claim of error. (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 690, fn. 18 [failure to develop an argument or cite any authority in support of a contention results in the forfeiture of the issue on appeal].)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112–113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.

4