Filed 7/16/24  P. v. Brigham CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B332960 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA508917) |
| v. | |
| TYREECE BRIGHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Affirmed.

Frank Bazadier for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# INTRODUCTION

Tyreece Brigham, represented by counsel, appeals from a judgment after pleading no contest to having a concealed firearm in a vehicle in violation of Penal Code section 25400, subdivision (a)(1).[1]  Brigham challenges his conviction by asserting that section 25400 is unconstitutional in light of the United States Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen* (2022) 597 U.S. 1 (*Bruen*) and the high court's potential grant of a writ of certiorari in *Nichols v. Newsom* (9th Cir. Sept. 12, 2022, No. 14-55873) 2022 WL 4295404.[2]

Brigham's opening brief, however, fails to present any argument explaining how or why section 25400 violates the Second Amendment.  Given the summary nature of his argument, we conclude Brigham has forfeited his constitutional challenge.  (See *People v. Caro* (2019) 7 Cal.5th 463, 512.)  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

At approximately midnight on May 16, 2022, police officers conducted a traffic stop when they observed Brigham make unsafe lane changes and an illegal U-turn.  After Brigham consented to a search of the vehicle, the officers recovered a

---

[1]  All undesignated statutory references are to the Penal Code.

[2]  The high court denied review on January 8, 2024 in *Nichols v. Newsom* (2024) 144 S.Ct. 569, six days after Brigham filed his opening brief.

nine-millimeter semi-automatic handgun loaded with a high capacity magazine with 18 nine-millimeter rounds in a bag behind the driver's seat.

Brigham was charged with having a concealed firearm in a vehicle in violation of section 25400, subdivision (a)(1), and carrying a loaded handgun in violation of section 25850, subdivision (a). Brigham moved to dismiss the charges, relying on *Bruen, supra,* 597 U.S. 1 in the same summary fashion as in his opening brief. The trial court denied the motion. Brigham then pleaded no contest to having a concealed firearm in a vehicle in violation of section 25400 and the trial court placed him on probation for two years. He timely appealed after obtaining a certificate of probable cause. (See § 1237.5; Cal. Rules of Court, rule 8.304(b)(1).)

## DISCUSSION

Brigham contends section 25400 is unconstitutional in light of *Bruen*. *Bruen* involved the State of New York's denial of the plaintiffs' license applications to carry handguns in public because the applications failed to demonstrate "'proper cause.'" (*Bruen, supra,* 597 U.S. at p. 1.) To meet this standard, New York courts had ruled that applicants had to demonstrate a special need for self-protection distinguishable from that of the general community. (See *id.* at p. 13.) *Bruen* held the proper cause requirement to obtain a public-carry permit violated the applicants' Second Amendment rights. (See *id.* at p. 8.)

After quoting parts of *Bruen*, Brigham's entire argument is as follows: "And if the US Suprmes [sic] elect to grant cert. to hear Charles Nichols, Petitioner v. Gavin Newsom, Governor of

3

California, California maybe without any excuse or claims that only its former 'for cause requirement' for one to be issued a concealed carry permit is unconstitutional leaving the remainder of its licensing scheme intact including the prohibition of non-felons to go to non-sensitive locations bearing their firearms in public." (Capitalization omitted.) Brigham presents no other argument on appeal.

The People contend that Brigham's argument was waived because he failed to support his claim with sufficient argument.[3] (See *People v. Hovarter* (2008) 44 Cal.4th 983, 1029; *People v. Stanley* (1995) 10 Cal.4th 764, 793.) The People further argue that Brigham based his claim of error on *Nichols v. Newsom,* in which he anticipated the high court would grant review, but as previously noted, the court denied review of that case. The People also argue that Brigham has no standing to challenge California's firearm licensing laws because he never sought a license to own or carry a firearm. Additionally, the People cite post-*Bruen* cases holding that section 25400 remains valid and that *Bruen* had no effect on it. (See *People v. Mosqueda* (2023) 97 Cal.App.5th 399, 403; *People v. Miller* (2023) 94 Cal.App.5th 935, 939 (*Miller*); *In re T.F.-G.* (2023) 94 Cal.App.5th 893, 908; *In re D.L.* (2023) 93 Cal.App.5th 144, 148.) Pre-*Bruen* cases have also upheld the statutory provision against constitutional

---

[3] Although the People argue Brigham waived this argument, we conclude Brigham forfeited the argument. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" (*United States v. Olano* (1993) 507 U.S. 725, 733; accord, *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371.)

challenges. (See, e.g., *People v. Flores* (2008) 169 Cal.App.4th 568, 574-577; *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 311-314.)

After reviewing the opening brief, we agree Brigham has forfeited his argument that section 25400 is unconstitutional. Brigham's opening brief does not contain any reasoned argument or support for his position. And even after the People raised this deficiency in the respondent's brief, Brigham did not file a reply. "[O]ur review is limited to those issues that have been adequately raised and supported in the appellant's brief" and "it is not the appellate court's role to construct theories or arguments" for an appellant. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721; Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate brief must "support each point by argument and, if possible, by citation of authority"], and rule 8.360(a) [briefs in criminal appeals must comply with rule 8.204].)

As noted, several courts of appeal have considered and rejected similar challenges to the constitutionality of section 25400 and California's firearm licensing scheme after *Bruen*. All of these opinions were published before Brigham filed his opening brief, but he failed to address or distinguish any of them. Brigham instead speculated that California's firearm licensing laws may be constitutionally infirm if the United States Supreme Court had granted certiorari in *Nichols*. But he fails to explain the ruling in *Nichols* and how a grant of certiorari in that case would render California's firearm licensing laws unconstitutional. In all events, as noted, the high court denied review in that case.[4]

_____

[4] In light of our determination that Brigham forfeited his argument on the constitutionality of the statutory provision at

5

## DISPOSITION

The judgment is affirmed.

MARTINEZ, P. J.

We concur:

FEUER, J.

STONE, J.

---

issue, we need not decide whether and how *Bruen* impacts section 25400, nor do we reach the People's argument that Brigham lacks standing to bring such a challenge.

6